In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Kimberly A. THEOBALD, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Kimberly A. THEOBALD, Respondent.

Supreme Court

*No. 03–1722–D. Decided May 27, 2004.*

2004 WI 59

(Also reported in 679 N.W.2d 804.)

¶ 1. PER CURIAM.   We review the findings of fact, conclusions of law, and recommendations of Referee Charles J. Herro for sanctions, pursuant to SCR 22.17(2).[1] Attorney Kimberly A. Theobald was found to have engaged in unprofessional conduct in the course of her practice of law in violation of the Rules of Professional Conduct. The referee recommended a public reprimand and payment of $3289.51 in costs.

¶ 2.   We approve the findings and conclusions and determine that Attorney Theobald's misconduct warrants the imposition of these sanctions.

¶ 3.   Attorney Theobald was licensed to practice law in Wisconsin in 1992. She has no prior disciplinary history.

¶ 4.   The complaint of the Office of Lawyer Regulation (OLR) alleges thirteen counts against Attorney Theobald involving four clients.

---

[1] SCR 22.17(2) provides:

> (2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶ 5.  Counts one through three involve Attorney Theobald's representation of a client in a divorce matter.

¶ 6.  Count one alleges that Attorney Theobald failed to file a bankruptcy petition for the client for over four months and failed to contact her regarding information needed to complete the bankruptcy. The OLR submits this is a violation of SCR 20:1.3[2] (failing to act with reasonable diligence and promptness in representing a client).

¶ 7.  Count two arises out of the same conduct and alleges a violation of SCR 20:1.4(a)[3] (failing to keep the client reasonably informed about the status of a matter and failing to promptly comply with reasonable requests for information).

¶ 8.  Count three alleges that Attorney Theobald failed on several occasions to timely respond to inquiries by the OLR's predecessor, the Board of Attorneys Professional Responsibility, in violation of what is now SCR 22.03(2)[4] (failing to respond to an investigation).

---

[2] SCR 20:1.3 provides:   "Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 20:1.4(a) provides: "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] SCR 22.03(2) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further

¶ 9.   The referee found that Attorney Theobald did not contest the substance of the testimony of any of these three counts, except in minor and inconsequential ways. The referee further found that Attorney Theobald admitted that she "didn't get the work done and I didn't respond to them."

¶ 10.   Accordingly, the referee found the existence of the facts necessary to support the allegations of these three counts and concluded as a matter of law that Attorney Theobald was in violation of the cited rules.

¶ 11.   Counts four through six involve Attorney Theobald's representation of a client on a tax matter.

¶ 12.   Count four alleges that by failing to complete the client's tax returns for over 11 months, missing a deadline in the process which caused interest and penalty charges to be imposed on the client, and by failing to contact the client regarding information needed to complete the tax returns, Attorney Theobald again violated SCR 20:1.3.

¶ 13.   Count five alleges another violation of SCR 20:1.4(a) arising out of Attorney Theobald's failure to respond to the client's telephone request for information.

¶ 14.   Count six alleges yet another violation of SCR 22.03(2) involving a failure to respond to the OLR's inquiries.

¶ 15.   The referee again found that Attorney Theobald did not substantially contest these counts and admitted that she did not do the work for, and respond to, this client.

¶ 16.   Accordingly, the referee concluded as a matter of law that the rules in question had been violated.

investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

¶ 17.    Counts seven through nine involve Attorney Theobald's representation of a client who sought to protect her son's interest in her ex-spouse's estate.

¶ 18.    Count seven alleges another violation of SCR 20:1.3 arising out Attorney Theobald's failure to take timely action to represent the interests of her client and the client's son.

¶ 19.    Count eight alleges a violation of SCR 20:1.16(d)[5] (failing to timely surrender papers and property to which the client is entitled) arising out of Attorney Theobald's failure to send the client her file for over two months after being terminated from representation.

¶ 20.    Count nine alleges another violation of SCR 22.03(2) arising out of Attorney Theobald's failure to timely respond to the OLR's request for information.

¶ 21.    Once again, based on Attorney Theobald's admissions, the referee found and concluded that the stated rules had been violated.

¶ 22.    Counts ten through thirteen involve Attorney Theobald's representation of a client in a matter involving a failure to pay child support.

---

[5] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

¶ 23. Count ten alleges another violation of SCR 20:1.4(a) involving Attorney Theobald's failure to send the client copies of pertinent documents and thereby failing to keep him reasonably informed of what was occurring in the matter.

¶ 24. Count eleven involves another violation of SCR 20:1.4(a) arising out of Attorney Theobald's failure to respond to the client's repeated telephone calls.

¶ 25. Count twelve alleges another violation of SCR 20:1.16(d) arising out of Attorney Theobald's failure to give the client adequate notice of when a motion was going to be heard such that the client could consider retaining other counsel.

¶ 26. Count thirteen involves yet another assertion of a failure to cooperate with the OLR, in violation of SCR 22.03(2).

¶ 27. This was the only set of counts which Attorney Theobald substantially disputed. The referee found only a violation of the count involving failure to cooperate with the OLR, stating: "Animosity arose between attorney and client, and the respondent withdrew as attorney . . . but in the absence of further testimony, no finding is made by the Referee except [regarding the OLR count]."

¶ 28. The standard of review before this court is that the referee's findings of fact are affirmed unless clearly erroneous but conclusions of law are reviewed on a de novo basis. *See In re Disciplinary Proceedings Against Kalal,* 2002 WI 45, 252 Wis. 2d 261, 643 N.W.2d 466.

¶ 29. We adopt the findings of fact of the referee. There is no allegation by the parties, or other indication, that any of these findings are clearly erroneous.

¶ 30. Similarly, after a de novo review we adopt the conclusions of law of the referee that the facts as found constitute a violation of the rules specified in the eleven counts.

¶ 31. The OLR asked the referee to recommend a public reprimand and that was his recommendation, without comment. The OLR also asked for costs which the referee further recommended.

¶ 32. Attorney Theobald's misconduct represents a repeated failure involving several clients to comply with the Rules of Professional Conduct. We agree that the imposition of a public reprimand, particularly given the absence of a prior disciplinary history, is appropriate for this misconduct.

¶ 33. IT IS ORDERED that Attorney Kimberly A. Theobald is publicly reprimanded for her misconduct.

¶ 34. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Theobald shall pay $3289.51 to the OLR representing the costs of this proceeding. If these costs are not paid within the time specified, and absent a showing to this court of an inability to pay the costs within this time, the license of Attorney Theobald to practice law in Wisconsin shall be summarily suspended for an indefinite period until further order of the court.