In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Paul M. KASPROWICZ, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Paul M. KASPROWICZ, Respondent.

Supreme Court

*No. 2006AP1017–D. Decided June 1, 2007.*

2007 WI 67

(Also reported in 732 N.W.2d 427.)

¶ 1. PER CURIAM.   We review the referee's recommendation that we suspend Attorney Paul M. Kasprowicz's license to practice law for a period of 60 days for professional misconduct committed in two client matters. Neither the Office of Lawyer Regulation (OLR) nor Attorney Kasprowicz has appealed the referee's recommendation. Therefore, the matter is submitted to the court for review pursuant to SCR 22.17(2).[1] In conducting our review we will affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Sosnay,*

---

[1] SCR 22.17(2) provides:   Review; appeal.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). We review the referee's conclusions of law de novo. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, 29, 248 Wis. 2d 662, 636 N.W.2d 718. In accordance with our authority to supervise the practice of law in this state, we determine the level of discipline that is appropriate under the particular circumstances, independent of the referee's recommendation, but benefiting from it. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 2.   After independent review of the record, we adopt the referee's findings of fact and conclusions of law. Further, we agree with the referee's recommendation that Attorney Kasprowicz's license to practice law in this state be suspended for a period of 60 days. We also conclude that Attorney Kasprowicz should pay the full costs of this disciplinary proceeding.

¶ 3.   Attorney Kasprowicz was admitted to the practice of law in Wisconsin on May 19, 1986. He received a public reprimand in December of 2004 for professional misconduct.

¶ 4.   The misconduct in the present case relates to Attorney Kasprowicz's representation of clients in two separate divorce proceedings. On April 26, 2006, the OLR filed a complaint against Attorney Kasprowicz alleging eight counts of misconduct. The parties executed a stipulation regarding some of the factual allegations. A hearing was conducted on the remaining issues and on the question of the appropriate discipline.

¶ 5.   The record before us reflects that on June 9, 2004, C.R.K. (formerly known as C.R.B.) hired Attorney Kasprowicz to represent her in her divorce proceeding. This client gave Attorney Kasprowicz an advance payment of $1800 pursuant to a fee agreement signed on

that date. The fee agreement provided that Attorney Kasprowicz would bill the client at the rate of $160 per hour for his time.

¶ 6.　Attorney Kasprowicz did not deposit the client's $1800 advance fee payment into his client trust account. He filed the summons and petition in the divorce action on August 13, 2004. On October 7, 2004, Attorney Kasprowicz sent this client a letter asking her to call him to discuss the advisability of seeking a temporary order. On or about October 10, 2004, the client called Attorney Kasprowicz to discuss the matter. However, Attorney Kasprowicz failed to follow up with this client, despite numerous phone messages and e-mails in which she requested an update.

¶ 7.　In addition to failing to communicate with the client, Attorney Kasprowicz also failed to take certain actions in the divorce case that ultimately resulted in the dismissal of the divorce petition. Attorney Kasprowicz did not notify the client that her divorce petition had been dismissed.

¶ 8.　C.R.K. eventually terminated the representation, requested a refund of her retainer, and filed a grievance with the OLR. Attorney Kasprowicz did refund the client's $1800 retainer.

¶ 9.　However, Attorney Kasprowicz then failed to respond to three letters from the OLR requesting information regarding the grievance. Indeed, Attorney Kasprowicz did not respond to the OLR until this court issued an order to show cause on June 6, 2005, threatening him with temporary suspension of his license to practice law for failure to cooperate with the OLR.

¶ 10.　The OLR complaint also alleged that Attorney Kasprowicz committed misconduct in his representation of M.J.T. M.J.T. hired Attorney Kasprowicz in July 2003 to represent her in a divorce proceeding filed

by her (then) husband. She gave Attorney Kasprowicz an advance payment of $1250 pursuant to a fee agreement signed on that date. Attorney Kasprowicz did not deposit the $1250 advance fee payment in his client trust account.

¶ 11. The OLR complaint alleged that Attorney Kasprowicz was to prepare and file findings of fact, conclusions of law and judgment to finalize his client's divorce proceeding. Attorney Kasprowicz failed to timely file these documents; he maintains that he did not know he was expected to do so.

¶ 12. On January 7, 2004, the court issued an order to show cause regarding Attorney Kasprowicz's failure to file the documents. Attorney Kasprowicz filed the documents on January 23, 2004.

¶ 13. On August 11, 2004, the court issued another order to show cause regarding Attorney Kasprowicz's failure to file a certificate of divorce. Attorney Kasprowicz then failed to appear at the October 2004 hearing on the matter. He sent a completed certificate of divorce to the Kenosha County Family Court Commissioner's Office via facsimile. He asserted that he mailed the original certificate of divorce that same day, but court records indicate that an original certificate of divorce was never received. Indeed, the referee found that the clerk of the Kenosha County Family Court Commissioner telephoned Attorney Kasprowicz on some ten different occasions and sent him two facsimiles regarding the requirement that he file an original certificate. Finally, on December 9, 2004, the Kenosha County Family Court Commissioner's clerk prepared and filed the certificate herself.

87

¶ 14. Attorney Kasprowicz apparently promised this client a $250 refund. She left numerous messages for Attorney Kasprowicz regarding both the refund and her divorce documents, but Attorney Kasprowicz failed to respond to her messages. Eventually, the client filed a grievance with the OLR.

¶ 15. On April 6, 2005, the OLR mailed Attorney Kasprowicz a letter regarding this grievance and informed him that he was required to provide a written response by April 29, 2005. Attorney Kasprowicz failed to respond.

¶ 16. Attorney Kasprowicz then failed to respond to another certified letter from the OLR dated May 4, 2005. Attorney Kasprowicz did not respond to the OLR until this court issued an order to show cause dated June 6, 2005, threatening him with temporary suspension of his license to practice law for failure to cooperate with the OLR. Attorney Kasprowicz did, eventually, provide the client with a refund in late 2005.

¶ 17. On the basis of the facts as described above, the referee concluded that Attorney Kasprowicz had committed eight violations of the Supreme Court Rules of Professional Conduct for Attorneys. The referee made the following conclusions of law with respect to the matter of C.R.K.:

> COUNT ONE: By failing to advance [the client's] interest in her divorce in a timely manner, causing the divorce to be administratively dismissed, Kasprowicz failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[2]

[2] SCR 20:1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

COUNT TWO: By failing to keep [the client] informed about the status of her divorce, and by failing to notify her of the dismissal of her divorce action, Kasprowicz failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable request for information, in violation of SCR 20:1.4(a).[3]

COUNT THREE: By failing to deposit [the client's] advance fee in his client trust account, Kasprowicz failed to hold property of clients in trust, separate from his own property, in violation of former SCR 20:1.15(a), effective through June 30, 2004.[4]

COUNT FOUR: By failing to timely file a written response with OLR in its [C.R.K.] grievance investigation, until after the Court entered an Order to Show Cause why his license should not be suspended for failing to cooperate, Kasprowicz failed to fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail with OLR's request for a response, and failed thereafter to timely respond to OLR's investigative efforts, and thus failed to cooperate

---

[3] SCR 20:1.4(a) states that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] Former SCR 20:1.15 applies to misconduct committed prior to July 1, 2004. It provided in pertinent part: Safekeeping property.

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . . .

with an OLR investigation, in violation of SCR 22.03(2),[5] actionable pursuant to SCR 20:8.4(f).[6]

■

¶ 18.   The referee made the following conclusions of law with respect to the M.J.T. matter:

> COUNT FIVE: By failing to deposit [the client's] advance fee in his client trust account, Kasprowicz failed to hold property of clients in trust, separate from his own property, in violation of former SCR 20:1.15(a), effective through June 30, 2004.

> COUNT SIX: By failing to respond to numerous court orders and directives requiring him to file the original Certificate of Divorce in [the client's] matter, Kasprowicz knowingly disobeyed an obligation under the rules of a tribunal, in violation of SCR 20:3.4(c).[7]

> COUNT SEVEN: By failing to respond to numerous inquiries from [the client] about her final divorce

---

[5] SCR 22.03(2) provides:   Investigation.

> (2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[6] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[7] SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

documents and a refund, and by failing to timely refund any unearned advance fee payment, Kasprowicz failed to take steps reasonably practicable to protect a client's interests, including surrendering papers to which the client is entitled and refunding any advance payment of fee that has not been earned, in violation of SCR 20:1.16(d).[8]

COUNT EIGHT: By failing to timely file a written response with OLR in its [M.J.T.] grievance investigation, until after the Court entered an Order to Show Cause why his license should not be suspended for failing to cooperate, Kasprowicz failed to fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail with OLR's request for a response, and failed thereafter to timely respond to OLR's investigate efforts, and thus failed to cooperate with an OLR investigation, in violation of SCR 22.03(2), actionable pursuant to SCR 20:8.4(f).

¶ 19. With respect to the question of discipline, the referee detailed the misconduct committed by Attorney Kasprowicz in these matters and observed: "What is particularly troubling about this misconduct is that it is almost identical to the misconduct found in the prior disciplinary matter." The referee also expressed concern that Attorney Kasprowicz suggested there was "little actual damage" caused by his misconduct. The referee stated:

---

[8] SCR 20:1.16(d) provides: Declining or terminating representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

What Mr. Kasprowicz fails to recognize, however, is that some of the most significant damage to a client is the emotional distress caused the [sic] by the unnecessary perpetuation of a difficult divorce matter. As [C.R.K.] testified at the hearing, it was very difficult for her to remain married to her ex-husband longer than was necessary. Further, the administrative headaches and inconvenience caused by Mr. Kasprowicz's behavior in failing to cooperate with the OLR and the courts is significant as well.

¶ 20. However, the referee acknowledged that "Mr. Kasprowicz seems sincerely remorseful." Ultimately, the referee recommended a 60–day suspension, explaining that a suspension of this duration is consistent with discipline imposed in similar cases. In addition, the referee recommended that Attorney Kasprowicz be required to pay the costs of this disciplinary proceeding, which total $3830.03, as of January 9, 2007.

¶ 21. We adopt the referee's findings of fact and conclusions of law in these matters. We agree that Attorney Kasprowicz's violations of the Rules of Professional Conduct warrant a 60–day suspension of his license to practice law in this state, and we conclude that Attorney Kasprowicz should be required to pay the full costs of this disciplinary proceeding.

¶ 22. IT IS ORDERED that the license of Attorney Paul M. Kasprowicz to practice law in Wisconsin is suspended for a period of 60 days, effective July 13, 2007.

¶ 23. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Paul M. Kasprowicz shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to

this court of his inability to pay those costs within that time, the license of Attorney Paul M. Kasprowicz to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 24.   IT IS FURTHER ORDERED that if he has not already done so, Attorney Paul M. Kasprowicz shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.