In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Kimberly A. THEOBALD, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Kimberly A. THEOBALD, Respondent.

Supreme Court

*No. 2009AP2523–D. Decided August 10, 2010.*

2010 WI 102

(Also reported in 786 N.W.2d 834.)

1

¶ 1. PER CURIAM. We review, pursuant to SCR 22.17(2),[1] the findings of fact, conclusions of law, and recommendations of Referee Kim M. Peterson concluding that Attorney Kimberly A. Theobald engaged in unprofessional conduct in the course of her practice of law in violation of the rules of professional conduct. The referee recommended a 60–day suspension of Attorney Theobald's license and imposition of costs, which total $789.92 as of May 20, 2010.

¶ 2. We approve the referee's findings and conclusions and determine that Attorney Theobald's misconduct warrants suspension of her license for a period of 60 days, as well as payment of costs.

¶ 3. Attorney Theobald was admitted to practice law in Wisconsin in 1992. In 2004 Attorney Theobald received a public reprimand for having committed 13 counts of misconduct involving four clients. Her misconduct consisted of failing to act with reasonable diligence and promptness, failing to keep clients reasonably informed about the status of their matters, failing to comply with reasonable requests for information, and failing to cooperate with the Office of Lawyer Regulation (OLR). *In re Disciplinary Proceedings Against Theobald,* 2004 WI 59, 271 Wis. 2d 690, 679 N.W.2d 804.

---

[1] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

3

¶ 4. In 2006 Attorney Theobald voluntarily entered into a public reprimand agreement for misconduct consisting of failing to diligently represent several clients in family law matters, failing to respond to a client's requests for information regarding his case, failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, failing to disburse earned fees and other funds belonging to Attorney Theobald from her trust account, failing to maintain and keep a transaction register and client ledgers that showed a consistent and accurate running balance and the source and purpose of each disbursement and failing to maintain duplicate deposit slips, and failing to cooperate with the OLR's investigation. Public Reprimand of Kimberly Theobald, No. 2006–13.

¶ 5. On October 2, 2009, the OLR filed its complaint in this proceeding alleging two counts of misconduct in connection with her representation of a client in a bankruptcy matter. In September 2006 J.H. hired Attorney Theobald to file a bankruptcy petition on her behalf. J.H. paid Attorney Theobald $600 for attorney fees and $299 for costs. On January 8, 2007, Attorney Theobald filed J.H.'s bankruptcy petition. The petition did not include a B22A Means Test Calculation form.

¶ 6. On February 20, 2007, the attorney for the bankruptcy trustee filed a motion to dismiss on the grounds that the B22A form had not been filed. Attorney Theobald did not file an objection, which was required to be filed within 15 days. On March 9, 2007, at a creditor's meeting, Attorney Theobald was instructed to file the B22A form by close of the business day. Attorney Theobald failed to do so.

¶ 7. Several days later J.H. contacted Attorney Theobald about the dismissal motion. Attorney

4

Theobald told J.H. not to worry and that she would take care of it. Attorney Theobald took no further action regarding J.H.'s bankruptcy.

¶ 8. Due to Attorney Theobald's failure to file an objection to the trustee's motion, J.H.'s bankruptcy was dismissed.

¶ 9. Thereafter, J.H. began receiving calls from creditors attempting to collect debts that J.H. believed had been discharged in bankruptcy. J.H. attempted to contact Attorney Theobald on numerous occasions, leaving messages at Attorney Theobald's office.

¶ 10. J.H. did contact Attorney Theobald in August 2007. At that time Attorney Theobald agreed to look into the status of the bankruptcy. However, Attorney Theobald never got back to J.H.

¶ 11. On November 14, 2007, J.H. contacted Attorney Theobald via fax showing her that the bankruptcy had not been completed. In February 2008 J.H. filed a grievance with the OLR. In her response dated May 27, 2008, Attorney Theobald acknowledged she had "royally dropped the ball on this matter" and indicated she would "take all actions necessary to correct [her] failures."

¶ 12. In January 2009 J.H. contacted the OLR reporting that Attorney Theobald had taken no action to resolve the bankruptcy. Attorney Theobald admitted she had not been diligent in pursuing the bankruptcy matter. On February 10, 2009, Attorney Theobald issued a full $899 refund to J.H.

¶ 13. The OLR complaint alleged, and the referee found, that by failing to file the necessary form to maintain J.H.'s bankruptcy or to file an objection to the trustee's motion to dismiss J.H.'s bankruptcy, and by failing after the dismissal of the bankruptcy petition to

re-file or take other corrective action to achieve the objectives of the representation, Attorney Theobald failed to act with reasonable diligence and promptness in violation of SCR 20:1.3.[2]

¶ 14. The OLR further alleged, and the referee found, that by failing to respond to J.H.'s requests for information regarding the status of her bankruptcy, Attorney Theobald failed to communicate with her client in violation of former SCRs 20:1.4(a)[3] and 20:1.4(a)(4)[4].

¶ 15. Attorney Theobald did not contest any of these counts. The issue before the referee was the appropriate sanction for the misconduct. Ultimately, the referee agreed with the OLR's recommendation for a 60–day suspension and imposition of costs.

¶ 16. The referee cited the ABA Standards for Imposing Lawyer Sanctions 3.0, which states:

> In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:
>
> (a) the duty violated;
>
> (b) the lawyer's mental state;
>
> (c) the potential or actual injury caused by the lawyer's misconduct; and

---

[2] SCR 20:1.3 provides, "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] Former SCR 20:1.4(a) (effective through June 30, 2007) provided: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] SCR 20:1.4(a)(4) (effective July 1, 2007) states that a lawyer shall "promptly comply with reasonable requests for information; . . . ."

(d) the existence of aggravating or mitigating factors.

¶ 17. The referee noted that Attorney Theobald's misconduct violated several supreme court rules pertaining to the requirement to keep a client reasonably informed, and that she failed to act with reasonable diligence and promptness in a legal matter. The referee noted that while Attorney Theobald's initial failure to file the proper form was certainly not purposeful, the conduct that followed was. The referee explains:

> Not only did Ms. Theobald fail to include the B22A Means Test, as is required, but she ignored the trustee's motion to dismiss, she failed to file an objection to the motion to dismiss, and when the judge at the creditor's meeting gave her yet another chance to file the B22A Means Test by the end of the business day, she ignored that opportunity as well. As a result of Ms. Theobald's conduct, her client's bankruptcy petition was dismissed.
>
> As if this conduct was not bad enough, Ms. Theobald then chose to ignore her client's inquiry as to the status of the bankruptcy, and failed to inform her client that the bankruptcy had been dismissed. When the client actually was able to reach Ms. Theobald, she said she would "look into" the matter. This statement, while technically may not be a misrepresentation, implied that she didn't know the status of the matter, but in fact, she did, or at least she should have. She had previously received notice that the trustee had filed a motion to dismiss based upon her failure to file the B22A Means Test. She never did file the appropriate paperwork, so she should have known that the bankruptcy had been dismissed, or at a minimum, that dismissal was imminent. By failing to immediately inform the client of this fact, but instead stating that she would "look into" the matter was deceptive.

7

> Even when the OLR contacted Ms. Theobald, and she admitted her misconduct, she failed to remedy the situation as promised, but let it sit for another year. It wasn't until she was contacted [again] by the OLR that she finally refunded the fees and costs to her client.

The referee correctly observed that "[t]his kind of conduct—ignoring client's reasonable requests for information, ignoring court orders and failing to acknowledge a mistake until the OLR is notified twice—is not only damaging to the client's individual case, but also to the reputation of the legal community as a whole."

¶ 18. The referee noted further that this matter is aggravated by the fact that Attorney Theobald has been practicing for a number of years. She should know that this conduct is not appropriate and, indeed, she has been disciplined for similar conduct in the past. Ultimately, citing *In re Disciplinary Proceedings Against Kasprowicz,* 2007 WI 67, 301 Wis. 2d 82, 732 N.W.2d 427, the referee concluded that a 60–day license suspension was appropriate.

██

¶ 19. The standard of review before this court is that the referee's findings of fact are affirmed unless clearly erroneous but conclusions of law are reviewed on a de novo basis. *See In re Disciplinary Proceedings Against Kalal,* 2002 WI 45, ¶ 23, 252 Wis. 2d 261, 643 N.W.2d 466.

██

¶ 20. There is no allegation by the parties, or other indication, that any of these findings are clearly erroneous. Therefore, after a de novo review of the referee's report and the record in this matter, we adopt the referee's findings of fact and conclusions of law. We

8

agree that a 60–day suspension of Attorney Theobald's license is appropriate discipline for this misconduct.

¶ 21. IT IS ORDERED that the license of Kimberly A. Theobald is suspended for 60 days, effective August 20, 2010.[5]

¶ 22. IT IS FURTHER ORDERED that Kimberly A. Theobald comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶ 23. IT IS FURTHER ORDERED that within 60 days of the date of this order, Kimberly A. Theobald shall pay $789.92 to the Office of Lawyer Regulation representing the costs of this proceeding. If these costs are not paid within the time specified, and absent a showing to this court of an inability to pay the costs within this time, the license of Kimberly A. Theobald to practice law in Wisconsin shall remain suspended until further order of the court.

[5] On June 4, 2010, Attorney Theobald filed a letter advising the court that she did not intend to appeal the referee's recommendation and asked the court to permit her disciplinary suspension to commence on July 1, 2010. The court issued an order acknowledging the request and advising Attorney Theobald that an order would issue in due course. Attorney Theobald's request is denied.