IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Jeffrey D. KOHL, Attorney at Law.

Supreme Court

*No. 89-2117-D. Filed November 27, 1990.*

(Also reported in 462 N.W.2d 667.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Jeffrey D. Kohl to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. That misconduct consisted of his neglect of a probate matter and of a bankruptcy matter, his failure to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) concerning grievances made by the probate judge and by the bankruptcy clients, his having made a material misrepresentation of fact to the probate judge concerning his actions in the delinquent estate and his failure to

444

respond to the Board during its investigation of allegations of his misconduct.

We determine that the recommended 60-day license suspension is appropriate discipline for Attorney Kohl's professional misconduct. He failed to fulfill his duty to his clients to pursue their legal matters promptly and diligently. He also ignored his professional obligation as an officer in our legal system to respond timely and provide accurate information to the court and the disciplinary authorities concerning pending matters.

Attorney Kohl was admitted to practice law in Wisconsin in 1976 and practiced in West Salem until February, 1988, when he took the position of assistant district attorney for Green county. He has not previously been the subject of an attorney disciplinary proceeding. The referee is Attorney Norman Anderson.

Based on Attorney Kohl's stipulation to the facts alleged in the Board's complaint, the referee made the following findings. In December, 1985, Attorney Kohl undertook the completion of the informal administration of an estate that had been commenced in October, 1984. The probate judge wrote to Attorney Kohl in March, 1987 stating that nothing had been done to conclude that estate. When he received no reply, the judge sent three more letters to Attorney Kohl admonishing that his earlier letters had been ignored and that no further steps had been taken to close the estate. The judge warned that if the estate were not handled promptly, he would bring the matter to the attention of the Board.

Four months after the judge's last letter, Attorney Kohl sent a letter to the judge stating that the estate's final account was completed and that the state inheritance tax return was mailed to the Department of Revenue and a copy was sent to each heir. The letter stated

that Attorney Kohl anticipated obtaining the certificate determining inheritance tax within three weeks. In fact, however, Attorney Kohl did not forward the inheritance tax return to the Department of Revenue until November, 1989, almost two years later.

At the disciplinary hearing, Attorney Kohl testified that when he sent the letter to the judge, he expected that his client would sign the tax return and that he would then mail it to the Department of Revenue. When the client declined to sign the return, Attorney Kohl attempted to retrieve the letter he had sent to the judge but was unable to do so. However, he did nothing thereafter to correct the misrepresentation he had made in the letter concerning the filing of the return.

When Attorney Kohl failed to file any additional papers in the estate in early 1988, the probate judge sent him two letters, one in March and one in August, again admonishing him concerning the delinquent estate. Finally, in September, 1988, the judge filed a grievance with the Board regarding Attorney Kohl's conduct in the estate. The Board then sent him a letter requesting a written response to the grievance and, when no response was received within the time specified, sent him a second letter. Both letters stated that his failure to provide the requested information would constitute misconduct. Attorney Kohl did not respond to either letter. In a subsequent meeting with the district professional responsibility committee investigator, he stated that he did not respond to the letters because he did not contest the factual statements set forth in them and did not realize that his failure to respond constituted misconduct. He later told the committee that he expected to have the estate completed in less than three weeks.

After receiving the district committee's report, the Board sent Attorney Kohl a letter in July, 1989 asking

him to explain why the estate had not been completed and requesting information concerning estate assets. When Attorney Kohl did not respond, the Board sent him a second letter directing him to inform the Board's investigator of the specific steps he would take within the next 20 days to close the estate and to reply to questions posed in its prior letter. When the Board received no response, it called Attorney Kohl in September, 1989, at which time he offered no explanation for his failure to reply to the Board's two letters but claimed to have prepared, although not filed, the estate's final account and the receipts from the heirs. Board staff told him that he should conclude the estate prior to the Board's next meeting in September, 1989. However, as of the date of the disciplinary hearing in this matter, July 31, 1990, the estate had not been completed. The estate was finally closed on August 31, 1990.

On the basis of his conduct in this matter, the referee concluded that Attorney Kohl failed to act with diligence and promptness and neglected to complete the estate for a period of more than four years, in violation of SCR 20:1.3,[1] formerly SCR 20.32(3).[2] The referee also concluded that Attorney Kohl's statement in his letter to the judge that the inheritance tax return had been mailed to the Department of Revenue, when he knew that it had not been, constituted misrepresentation, in violation of SCR 20:8.4(c),[3] formerly SCR 20.04(4).[4]

---

[1]SCR 20:1.3 provides: "**Diligence** A lawyer shall act with reasonable diligence and promptness in representing a client."

[2]SCR 20.32 provided: "A lawyer may not: . . . (3) Neglect a legal matter entrusted to the lawyer."

[3]SCR 20:8.4 provides: "**Misconduct** It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[4]SCR 20.04 provided: "**Misconduct.** A lawyer shall not: . . .

Finally, the referee concluded that Attorney Kohl violated SCR 21.03(4)[5] and 22.07(2)[6] by failing to provide written responses to inquiries from the Board concerning his conduct in the matter.

In another matter, Attorney Kohl was retained in December, 1987 to represent a couple in a bankruptcy proceeding. The clients were led to believe he would commence the proceeding promptly and, after he moved to Monroe and took the position as assistant district attorney, he told them he would continue to represent them. The clients signed the bankruptcy petition and other papers on February 21, 1988 and, following a telephone conversation with Attorney Kohl, understood that the petition and supporting schedules had been filed during the following month. However, the clients contin-

---

(4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[5]SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[6]SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

ued to receive letters from their creditors and, near the end of April, 1988, discovered that the bankruptcy petition had not been filed. After the clients contacted another attorney, who telephoned Attorney Kohl on their behalf, the bankruptcy petition was filed May 4, 1988.

Although Attorney Kohl had assured his clients he would attend the first meeting of creditors, he failed to do so, leaving the clients to appear unrepresented. Subsequently, the bankruptcy judge required Attorney Kohl to show cause why he should not be held in contempt for his failure to appear at the meeting of creditors. Following a hearing, he was found not to be in contempt. Ultimately, Attorney Kohl completed the bankruptcy proceeding and the clients were discharged. He later agreed to return $100 of the $400 fee they had paid him for representing them in the matter.

After the clients had filed a grievance with the Board concerning his conduct in this matter, the Board sent Attorney Kohl a letter requiring him to furnish a written reply within 20 days. When it received no response, it sent him a certified letter requiring his reply. Each letter stated that his failure to reply to the Board's inquiry would constitute misconduct. Attorney Kohl did not reply to either letter.

The referee concluded that, by failing to file the bankruptcy petition for more than five months and failing to attend the first meeting of creditors, Attorney Kohl failed to act with diligence and promptness in his clients' matter, in violation of SCR 20:1.3, formerly SCR 20.32(3). The referee also concluded that Attorney Kohl violated SCR 21.03(4) and 22.07(2) by failing to provide a written response to inquiries from the Board concerning his conduct in the matter.

As discipline for the foregoing misconduct, the referee recommended that Attorney Kohl's license to practice law be suspended for a period of 60 days. In making that recommendation, the referee noted that Attorney Kohl's neglect of the estate was compounded by his continued failure to respond to letters from the probate judge. The referee considered as aggravating factors that the estate was a "rather simple" informal administration and that not only the probate judge but also the personal representative had made numerous attempts to induce him to complete the estate before the judge filed a grievance with the Board. The referee also noted a potential for serious harm to the interests of the client in the estate and the clients in the bankruptcy matter created by Attorney Kohl's neglect.

We adopt the referee's findings of fact and conclusions of law and accept his recommendation for discipline. Attorney Kohl's professional misconduct was more than neglect of legal matters entrusted to him; it included failing to respond to communications from a probate judge concerning his handling of a pending estate and misrepresenting to the judge what he had done in that estate when he did respond. It also included his failure to respond to the Board's investigation into allegations of his professional misconduct. That misconduct warrants the recommended license suspension.

IT IS ORDERED that the license of Jeffrey D. Kohl to practice law in Wisconsin is suspended for a period of 60 days, commencing January 7, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jeffrey D. Kohl pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that

time, the license of Jeffrey D. Kohl to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Jeffrey D. Kohl comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.