In the Matter of Disciplinary Proceedings Against
Robert J. Smead, Attorney at Law:

Office of Lawyer Regulation,
Complainant,

v.

Robert J. Smead, Respondent.

In the Matter of Disciplinary Proceedings Against
Robert J. Smead, Attorney at Law:

Office of Lawyer Regulation,
Complainant,

v.

Robert J. Smead, Respondent.

Supreme Court

*Nos. 2008AP1467–D & 2009AP843–D.*
*Decided January 27, 2010.*

2010 WI 4

(Also reported in 777 N.W.2d 644.)

¶ 1. PER CURIAM. In this decision we address two separate attorney disciplinary matters involving Attorney Robert J. Smead.

¶ 2. On June 12, 2008, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Smead alleging ten counts of professional misconduct in three client matters ("*Smead I*"). Following entry of a default judgment, the referee, Richard P. Mozinski, issued a report recommending a 60–day suspension plus restitution and costs.

¶ 3. The OLR filed a second complaint against Attorney Smead on March 31, 2009. This complaint alleged 15 counts of professional misconduct involving four client matters ("*Smead II*").

¶ 4. The parties entered into a stipulation regarding the allegations in *Smead II*. Pursuant to the terms of the stipulation, the parties ask that the court suspend Attorney Smead for 60 days and request that he be ordered to pay restitution as set forth herein. The parties do not seek imposition of costs in *Smead II*. The stipulation in *Smead II* does not address whether the recommended discipline should be imposed consecutive or concurrent with the discipline recommended in *Smead I*.

¶ 5. With respect to the misconduct alleged in *Smead I*, we accept the referee's recommendation that this court suspend Attorney Smead's license to practice law for 60 days, order Attorney Smead to pay restitution as set forth herein, and impose the costs of the

proceeding. With respect to the misconduct stipulated to in *Smead II*, we accept the amended stipulation and suspend Attorney Smead's license to practice law for 60 days and order restitution as set forth herein. No costs will be imposed in *Smead II*. As *Smead I* and *Smead II* are separate matters, the suspensions imposed shall run consecutive to each other.

¶ 6. Attorney Smead was admitted to practice law in Wisconsin in 1998 and practiced in Menasha, Wisconsin. On October 10, 2007, this court temporarily suspended Attorney Smead's law license due to his willful failure to respond or cooperate with OLR investigations. On October 31, 2007, the State Bar of Wisconsin suspended Attorney Smead's license to practice law for nonpayment of State Bar dues. Attorney Smead's license remains suspended.

I. *SMEAD I* (CASE NO. 2008AP1467–D)

¶ 7. The OLR alleged in its complaint that Attorney Smead committed ten counts of professional misconduct in three client matters.

A. W.P. Matter (Counts 1 through 5)

¶ 8. On November 10, 2005, Attorney Smead was retained by W.P. to represent him in a divorce action. W.P. paid Attorney Smead a retainer in the amount of $1,500.

¶ 9. Attorney Smead had an initial consultation with W.P., some conversations with W.P. and opposing counsel, and negotiated and prepared a stipulated temporary order. W.P. signed the document which was then forwarded to his wife's counsel.

¶ 10. Attorney Smead did not keep W.P. informed of any relevant court dates and legal issues about the custody and placement of children under the age of 18

106

living with him. Attorney Smead also did not keep W.P. informed of property division work sheets or discovery requests from W.P.'s wife.

¶ 11. Attorney Smead failed to return W.P.'s telephone calls. In order to obtain case status updates, W.P. visited Attorney Smead's office hoping to see Attorney Smead when he walked into the office.

¶ 12. On June 12, 2006, two days before a court hearing requested by opposing counsel, W.P. retained a new attorney because Attorney Smead had not replied to discovery requests.

¶ 13. On May 22, 2007, Attorney Smead informed the OLR, "I must agree that [W.P.] has every right to be disappointed in my performance. I got overloaded with [another attorney's] cases and my performance suffered." Attorney Smead further stated he did not keep particularly accurate records of his time or his billing.

¶ 14. As of March 14, 2007, Attorney Smead had failed to provide a refund of unearned fees to W.P. but stated he hoped to "eventually" give W.P. a full refund. In responding to an OLR inquiry regarding whether he held W.P.'s fee in trust until it was earned, Attorney Smead stated, "It was recently brought to my attention that minimum fee retainers are not enforceable, and I have started placing retainer fees into trust until earned."

### B. R.B. Matter (Counts 6 through 8)

¶ 15. In January 2006 R.B. contacted Attorney Smead to represent him in his divorce. On May 16, 2006, R.B. and his wife entered into a stipulated settlement. Attorney Smead was to prepare and file with the court findings of fact, conclusions of law and judgment, and a quit claim deed. In January 2007 Attorney Smead

advised R.B. he had everything done and it would be sent out in a week. Attorney Smead had no further contact with R.B. R.B. later filed a grievance against Attorney Smead.

¶ 16. On April 16, 2007, the OLR contacted Attorney Smead by telephone to discuss R.B.'s grievance. Attorney Smead stated the order had been done a long time ago and he did not know why it was not on record. On April 19, 2007, Attorney Smead told the OLR he filed the final paperwork the day before and he would draft a deed related to the divorce as soon as possible.

¶ 17. On April 19, 2007, 11 months after the final hearing, and after the OLR contacted Attorney Smead, a default judgment in the R.B. case was finally entered.

## C. D.B. Matter (Counts 9 and 10)

¶ 18. In June 2006 D.B. hired Attorney Smead for representation in a criminal matter. D.B. thereafter hired successor counsel and requested Attorney Smead return the advance fee D.B. paid to Attorney Smead. D.B. later filed a grievance concerning the fee dispute.

¶ 19. With respect to each of the three client matters in *Smead I,* the OLR made multiple attempts to obtain information from Attorney Smead and Attorney Smead failed to respond.

¶ 20. Eventually, Attorney Smead was temporarily suspended and ultimately, the OLR obtained a default judgment against him. The referee incorporated the facts alleged in the OLR complaint as his findings and made the following conclusions of law:

108

- By failing to respond to his client's requests for information, Attorney Smead violated former SCR 20:1.4(a) (Count 1).[1]

- By failing to hold W.P.'s $1,500 in trust, Attorney Smead violated former SCR 20:1.15(b)(4) (Count 2).[2]

- By failing to refund unearned fees to his client, Attorney Smead violated former SCR 20:1.16(d) (Count 3).[3]

- By failing to respond to the OLR grievance investigations, Attorney Smead violated SCR 22.03(2)[4] and

[1] Former SCR 20:1.4(a) (effective through June 30, 2007) provided, "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[2] Former SCR 20:1.15(b)(4) (effective July 1, 2004, through June 30, 2007) provided:

> Unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to SCR 20:1.15(g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[3] Former SCR 20:1.16(d) (effective through June 30, 2007) provided:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 22.03(2) provides:

> Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written

SCR 22.03(6)[5] via SCR 20:8.4(h)[6] (Counts 4, 7, and 9).

- By failing to timely file affidavits pursuant to SCR 22.26(1)(e), Attorney Smead violated SCR 22.26(1)(e)[7] via SCR 20:8.4(f)[8] (Counts 5, 8, and 10).

response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[5] SCR 22.03(6) provides:

In the course of the investigation, the respondent's willful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[6] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

[7] SCR 22.26(1)(e) states:

Within 25 days after the effective date of suspension or revocation, file with the director an affidavit showing all of the following:

(i) Full compliance with the provisions of the suspension or revocation order and with the rules and procedures regarding the closing of the attorney's practice.

(ii) A list of all jurisdictions, including state, federal and administrative bodies, before which the attorney is admitted to practice.

(iii) A list of clients in all pending matters and a list of all matters pending before any court or administrative agency, together with the case number of each matter

[8] SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

- By failing to timely prepare and file the necessary documents to conclude the R.B. divorce proceeding and property settlement, Attorney Smead violated SCR 20:1.3 (Count 6).[9]

¶ 21. The referee carefully considered the appropriate sanction. The referee noted he had reviewed a number of applicable cases involving neglect of client matters and failure to cooperate with OLR investigations and found applicable the matter of *In re Disciplinary Proceedings Against Kohl*, 158 Wis. 2d 444, 462 N.W.2d 667 (1990) (60–day suspension for neglect and failure to cooperate). In *Kohl*, as here, there was no prior discipline but there were multiple instances of client neglect and subsequent failures to respond to the OLR. The referee considered Attorney Smead's lack of cooperation with the OLR as an aggravating factor in this matter.

¶ 22. The referee recommended a 60–day suspension. He recommended further that Attorney Smead pay restitution to D.B. in the amount of $100 and to the Wisconsin Lawyers' Fund for Client Protection in the amount of $750 relating to the W.P. matter.

¶ 23. As no appeal was filed, we review this matter pursuant to SCR 22.17(2).[10] We adopt the referee's findings and recommendations and direct that Attorney

---

[9] SCR 20:1.3 provides that, "A lawyer shall act with reasonable diligence and promptness in representing a client."

[10] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

Smead's license to practice law be suspended for 60 days in connection with the above-referenced misconduct. We further direct that Attorney Smead shall pay restitution as set forth in the referee's report, together with payment of the costs of this proceeding which total $1,204.33 as of April 24, 2009.

## II. *SMEAD II* (CASE NO. 2009AP843–D)

¶ 24. Nearly a year after the complaint in *Smead I* was filed, the OLR filed a new complaint alleging Attorney Smead committed 15 counts of professional misconduct involving four client matters. The parties entered into a stipulation regarding the allegations in the *Smead II* complaint. The first stipulation was filed April 14, 2009. However, this stipulation failed to address the issue of restitution so this court directed the parties to address the question of restitution. In response to the court's order, an amended stipulation was filed on June 19, 2009.

### A. Matter of E.K. and B.K. (Counts 1 through 5)

¶ 25. E.K. and S.P. operated a business which closed in 2003. E.K. had purchased a computer system for the business, and S.P. used the computer system in a subsequent venture without compensating E.K. In March 2003 E.K. and her husband, B.K., hired Attorney Smead to pursue either recovery of the computer system or compensation from S.P. The fee agreement was not in writing, but B.K. understood Attorney Smead would charge 10 percent of any recovery as his fee.

¶ 26. Attorney Smead did not, however, file an action against S.P. Attorney Smead failed to inform E.K. and B.K. of his October 2007 license suspension, even

though B.K. spoke with Attorney Smead 30 to 40 times during the five years he represented them. In 2008 Attorney Smead told B.K. his caseload was too great and he would arrange for another attorney to take over their case. During the summer of 2008 Attorney Smead stopped returning B.K.'s calls. B.K. demanded return of the case materials, but Attorney Smead failed to return them.

¶ 27. The OLR repeatedly tried to obtain information from Attorney Smead regarding this matter without success.

■

¶ 28. Attorney Smead stipulates his mishandling of the E.K. and B.K. matter gave rise to five counts of misconduct:

- By failing to timely advance his clients' interests, Attorney Smead violated SCR 20:1.3.

- By failing to have a written contingent fee agreement, Attorney Smead violated SCR 20:1.5(c).[11]

- By failing to give timely notice of his inability to practice law and to inform his clients of their need to

---

[11] SCR 20:1.5(c) provides:

A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by par. (d) or other law. A contingent fee agreement shall be in a writing signed by the client, and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written state-

113

seek legal advice elsewhere, Attorney Smead violated SCRs 22.26(1)(a) and (b).[12]

- By failing to surrender papers and property belonging to the clients, Attorney Smead violated SCR 20:1.16(d).

- By failing to respond to the grievance, Attorney Smead violated SCRs 22.03(2) and 22.03(6) via SCR 20:8.4(h).

## B. L.S. Matter (Counts 6 through 9)

¶ 29. On September 24, 2007, Attorney Smead agreed to represent L.S. in a family law matter, even though he knew his license could be suspended as early as September 26, 2007.[13]

---

ment stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

[12] SCRs 22.26(1)(a) and (b) provide:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

[13] The OLR had filed a motion on September 5, 2007, requesting the court order Attorney Smead to show cause why his law license should not be suspended. On September 6, 2007, this court ordered Attorney Smead to show cause why his license to practice law should not be suspended. Attorney Smead failed to respond. His license was temporarily suspended on October 10, 2007.

¶ 30. L.S. had paid Attorney Smead advance fees of $485. L.S. asked Attorney Smead to file a contempt motion, but after 15 days Attorney Smead still had not done so.

¶ 31. L.S. called Attorney Smead several times. Attorney Smead advised L.S. his law license had been suspended, but said it would be reinstated in a few weeks and he would then file the motion. In November 2007 Attorney Smead stopped returning L.S.'s telephone calls, failed to pursue her case, and failed to refund any of her advance fee. L.S. hired another attorney to file the motion.

¶ 32. The OLR repeatedly tried to obtain information from Attorney Smead on this matter without success.

¶ 33. Attorney Smead stipulates he committed four counts of misconduct with respect to the L.S. matter as follows:

- Considering the timing of the order to show cause and the date Attorney Smead undertook L.S.'s case, coupled with Attorney Smead's failure to promptly file the motion, Attorney Smead violated SCR 20:1.3.

- By failing to inform L.S. to seek new counsel due to his license suspension, by failing to return any unearned fee, and by failing to protect his client's interests, Attorney Smead violated 20:1.16(d).

- By failing to provide notice to L.S. of his license suspension, Attorney Smead violated SCRs 22.26(1)(a) and (b).

- By failing to cooperate with the OLR's investigation, Attorney Smead violated SCRs 22.03(2) and 22.03(6) via SCR 20:8.4(h).

115

C. Matter of A.L. and S.M. (Counts 10 through 12)

¶ 34. On April 19, 2007, A.L. sent Attorney Smead a check for $1,000 after her son, S.M., contacted Attorney Smead about representation in a criminal drug case. Although there was no written fee agreement, A.L. and S.M. understood a flat fee of $2,000 would be required.

¶ 35. Attorney Smead entered an appearance in S.M.'s case on April 26, 2007. Attorney Smead also appeared at the arraignment and filed a discovery demand. He also appeared at a pretrial conference on October 5, 2007.

¶ 36. On November 21, 2007, one hour before a court hearing, Attorney Smead notified S.M. that he would be unable to appear on his behalf that day because his license had been temporarily suspended. This was the first conversation between Attorney Smead and S.M. regarding the license suspension. Attorney Smead recommended S.M. go to the court hearing and, in time, Attorney Smead would be able to represent him. Based on this information, S.M. did not seek successor counsel.

¶ 37. After the hearing, S.M. called Attorney Smead asking for advice. Attorney Smead said he would try to repay the $1,000 since he could no longer represent him. After making this promise Attorney Smead failed to return numerous phone calls from S.M. On January 8, 2008, Attorney Smead withdrew as counsel. Attorney Smead failed to refund unearned fees.

¶ 38. The OLR repeatedly tried to obtain information from Attorney Smead about this matter without success.

¶ 39. Attorney Smead stipulates that his conduct in the A.L./S.M. matter gave rise to three violations:

- By failing to give timely notice of his inability to practice law and to inform his client of the need to seek legal advice elsewhere, Attorney Smead violated SCRs 22.26(1)(a) and (b).

- By failing to protect his client's interests by not responding to S.M.'s telephone inquiries subsequent to November 21, 2007, and by failing to take steps to determine whether any portion of the fee paid to him was unearned and if so, to return the unearned portion of the fee, Attorney Smead violated SCR 20:1.16(d).

- By failing to respond to the OLR's formal investigation, Attorney Smead violated SCRs 22.03(2) and (6) via SCR 20:8.4(h).

### D. R.V. Matter (Counts 13 through 15)

¶ 40. R.V. hired Attorney Smead to represent him in a felony drug case filed March 30, 2007. R.V. paid Attorney Smead $2,000 but there was no evidence of a written fee agreement. According to R.V., Attorney Smead was "hired to go through and finish two felonys [sic] for poss w/intent."

¶ 41. In April 2007 Attorney Smead was present for the initial appearance and waived the preliminary hearing. In June 2007 Attorney Smead appeared at R.V.'s arraignment and, in September 2007, appeared at the pretrial conference. R.V.'s plea hearing was set for October 23, 2007.

¶ 42. Between September 5 and October 23, 2007, R.V. made several telephone calls to Attorney Smead inquiring about a possible deal with the district attorney, but received no response.

¶ 43. At the October 23, 2007, plea hearing, Attorney Smead appeared late and told R.V. that his law license was temporarily suspended but he would be

getting it back in a week or so. He had not previously told R.V. that he had lost his license and would not be able to appear in court as scheduled. The hearing was rescheduled for December 10, 2007.

¶ 44. Between October 23 and December 10, 2007, Attorney Smead did not respond to any of R.V.'s calls. After October 23, 2007, Attorney Smead's telephone was disconnected and he failed to answer his cell phone.

¶ 45. On December 10, 2007, R.V. and his family were in court but Attorney Smead failed to appear. The circuit court judge informed R.V. Attorney Smead was no longer practicing law and gave R.V. three months to hire a new attorney. After the December 2007 hearing, R.V. again called Attorney Smead but received no response. On December 10, 2007, Attorney Smead was withdrawn from the case; successor counsel entered an appearance on January 24, 2008.

¶ 46. The OLR made repeated attempts to obtain information from Attorney Smead about this matter without success. The Wisconsin Lawyers' Fund for Client Protection reimbursed R.V. in the amount of $2,000.

██ ██

¶ 47. Attorney Smead stipulates his misconduct with respect to R.V.'s representation gave rise to three violations:

- By failing to give R.V. notice of his license suspension prior to the date of the hearing, by failing to keep his client reasonably informed, and by failing to respond to reasonable requests for information, Attorney Smead violated SCRs 20:1.4(a)(3) and (4).[14]

---

[14] SCRs 20:1.4(a)(3) and (4) (effective July 1, 2007) state a lawyer shall "(3) keep the client reasonably informed about the

118

- By failing to give R.V. notice of his continued inability to represent him, by failing to respond to R.V.'s phone calls, by failing to give notice that he would not be appearing for a hearing scheduled on December 10, 2007, and by failing to otherwise protect R.V.'s interests, Attorney Smead violated SCR 20:1.16(d).

- By failing to cooperate with the OLR's formal investigation, Attorney Smead violated SCRs 22.03(2) and 22.03(6) via SCR 20:8.4(h).

¶ 48. In the initial stipulation, the parties agreed that a 60–day suspension was warranted and that costs should not be imposed. Although the OLR's complaint sought restitution, the initial stipulation made no provision for restitution.

■■

¶ 49. On June 19, 2009, the OLR filed an amended stipulation. In the amended stipulation the parties provide that as a condition of reinstatement Attorney Smead agrees to pay restitution to A.L. in the amount of $1,000, to L.S. in the amount of $485, and to the Wisconsin Lawyers' Fund for Client Protection in the amount of $2,000 for the R.V. matter.

¶ 50. Restitution is appropriate in these matters because there are ascertainable restitution amounts and fee disputes, the funds at issue are in the attorney's control, the grievants' or respondents' rights in a collateral matter will not be affected, and no funds to be restored constitute incidental or consequential damages.

¶ 51. The amended stipulation is submitted to the court pursuant to SCR 22.12. We approve the amended stipulation and hereby adopt the stipulated facts, con-

status of the matter;" and "(4) promptly comply with reasonable requests by the client for information; . . . ."

119

clusions of law, and discipline. Accordingly, Attorney Smead's license to practice law shall be suspended for 60 days and we order restitution as set forth herein. No costs are to be imposed in this matter.

¶ 52. Since *Smead I* and *Smead II* present two completely discrete and separate disciplinary matters, the two 60–day suspensions will be consecutive, not concurrent. As Attorney Smead is already suspended, the suspensions ordered herein shall commence immediately.

¶ 53. IT IS ORDERED that with respect to the matter of OLR v. Smead, No. 2008AP1467–D (*Smead I*), the license of Robert J. Smead to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶ 54. IT IS FURTHER ORDERED that within 60 days of the date of this order, Robert J. Smead shall pay restitution to D.B. in the amount of $100, and to the Wisconsin Lawyers' Fund for Client Protection for the W.P. matter in the amount of $750, as recommended in the referee's report filed in *Smead I*. If the restitution is not paid within the time specified and absent a showing to this court of his inability to pay the restitution within that time, Robert J. Smead's license to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 55. IT IS FURTHER ORDERED that within 60 days of the date of this order, Robert J. Smead shall pay to the Office of Lawyer Regulation the costs of the proceeding in *Smead I*. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Robert J. Smead to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 56. IT IS FURTHER ORDERED that with respect to the matter of *OLR v. Smead*, No. 2009AP843–D (*Smead II*), the license of Robert J. Smead to practice law in Wisconsin is suspended for a period of 60 days to run consecutive to the discipline imposed in *Smead I*.

¶ 57. IT IS FURTHER ORDERED that within 60 days of the date of this order, Robert J. Smead shall pay restitution to A.L. in the amount of $1,000, to L.S. in the amount of $485, and to the Wisconsin Lawyers' Fund for Client Protection in the amount of $2,000 for the R.V. matter. If the restitution is not paid within the time specified and absent a showing to this court of his inability to pay the restitution within that time, Robert J. Smead's license to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 58. IT IS FURTHER ORDERED that no costs will be imposed in *Smead II*.

¶ 59. IT IS FURTHER ORDERED that all restitution is to be completed prior to paying any costs to the Office of Lawyer Regulation.

¶ 60. IT IS FURTHER ORDERED that Robert J. Smead shall comply with the requirements of SCR 22.26 pertaining to activities following suspension if he has not already done so.