In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert J. SMEAD, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Robert J. SMEAD, Respondent.

Supreme Court

No. 2011AP960–D.—Decided December 20, 2011.

2011 WI 102

(Also reported in 806 N.W.2d 631.)

23

¶ 1. PER CURIAM. We review the report and recommendation of the referee, the Honorable Timothy L. Vocke, that Attorney Robert J. Smead receive a public reprimand and make restitution to a former client. Because no appeal has been filed, we review the referee's report and recommendation pursuant to SCR 22.17(2).[1] We approve and adopt the referee's findings of fact and conclusions of law. We agree that Attorney Smead's professional misconduct warrants a public reprimand, and we find it appropriate to order him to make restitution to his former client. We also agree with the director of the Office of Lawyer Regulation (OLR) that no costs be assessed against Attorney Smead.

¶ 2. Attorney Smead was admitted to practice law in Wisconsin in 1998 and last practiced in Menasha. In 2010 Attorney Smead's law license was suspended for 120 days for misconduct found in two separate attorney disciplinary matters. The misconduct at issue included failing to respond to his clients' requests for information; failing to hold clients' money in trust; failing to refund unearned fee to a client; failing to have a written contingent fee agreement; and failing to respond to the OLR's grievance investigations. *In re Disciplinary Proceedings Against Smead,* 2010 WI 4, 322 Wis. 2d 100, 777 N.W.2d 644. Attorney Smead's license remains suspended. In addition, Attorney Smead's law license is

---

[1] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter

currently suspended for nonpayment of dues, noncompliance with continuing legal education (CLE) requirements, and failure to cooperate with an OLR grievance investigation.

¶ 3. On April 27, 2011, the OLR filed a complaint alleging three counts of misconduct arising out of Attorney Smead's representation of M.R., who hired Attorney Smead to represent him in a criminal matter. M.R. paid Attorney Smead $1,500 for the representation in 2007. On March 15, 2007, Attorney Smead filed a notice of appearance in the criminal case on M.R.'s behalf. On September 21, 2007, the Winnebago County circuit court sent notice to Attorney Smead about a hearing scheduled for October 25, 2007.

¶ 4. On October 10, 2007, this court issued an order suspending Attorney Smead's license for failing to cooperate with an OLR grievance investigation. The order provided that Attorney Smead was to comply with SCR 22.26, which governs an attorney's activities upon suspension or revocation, and requires an attorney to notify all clients of the suspension and the consequent inability to act as an attorney following the effective date of the suspension.

¶ 5. Attorney Smead failed to notify M.R. of the suspension of his law license and failed to tell him he would not be able to appear at the October 25, 2007, hearing or otherwise participate further in M.R.'s defense. On October 25, 2007, Attorney Smead failed to appear in court for the scheduled hearing. The circuit court appointed new counsel for M.R.

¶ 6. Following the suspension of his law license, Attorney Smead failed to provide M.R. with an accounting of fees advanced and a refund of any unearned

26

portion of the fee. Attorney Smead also failed to respond to M.R.'s post-representation requests for information about fees.

¶ 7. M.R. filed a grievance with the OLR on April 17, 2009. The OLR sent Attorney Smead letters by both first-class and certified mail advising of his duty to cooperate with the investigation and setting a deadline for him to provide a written response to M.R.'s grievance. Attorney Smead failed to provide a written response to the grievance.

¶ 8. Prior to the OLR filing a formal complaint, this case was originally referred to a referee in the form of an SCR 22.12 stipulation for the imposition of a public reprimand. However, the referee rejected the stipulation because, at that time, Attorney Smead lacked the financial resources to pay restitution.

¶ 9. The OLR's complaint alleged three counts of misconduct:

> [Count One] Upon suspension of his law license on October 10, 2007, [Attorney] Smead failed to notify his client M.R. of the suspension and that he would not be able to appear at his client's scheduled hearing or otherwise participate further in his defense, in violation of SCR 22.26(1)(a) and (b).[2]

---

[2] SCR 22.26(1)(a) and (b) states:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

[Count Two] Upon suspension of his law license and thereafter, [Attorney] Smead failed to provide his client M.R. with an accounting of fees advanced and a refund of any unearned portion of the fee, and failed to address his client's post-representation requests for information on the subject of fees, in violation of SCR 20:1.16(d).[3]

[Count Three] [Attorney] Smead failed to provide OLR with a written response to M.R.'s grievance, in violation of SCR 22.03(2) and SCR 22.03(6),[4] enforced via SCR 20:8.4(h).[5]

---

[3] SCR 20:1.16(d) states:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCRs 22.03(2) and (6) state as follows:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[5] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance

¶ 10. On May 6, 2011, Attorney Smead filed an answer admitting all allegations in the OLR's complaint. A hearing was held before Referee Vocke on August 9, 2011. The referee issued his report and recommendation on August 24, 2011. The referee concluded that the OLR had met its burden of proof with respect to the allegations contained in all three counts of the OLR's complaint. The referee noted that by filing an answer admitting all of the allegations against him, Attorney Smead was essentially entering a plea of no contest as to all three counts of misconduct. The referee concluded that a public reprimand would be an appropriate sanction for Attorney Smead's misconduct.

¶ 11. The referee noted that Attorney Smead was previously disciplined, and the referee said there appeared to be a pattern of misconduct between the two prior disciplinary cases, which resulted in the 2010 suspension of Attorney Smead's license, and the instant case. However, the referee also found numerous mitigating factors, including the fact that the misconduct at issue here occurred during precisely the same timeframe as the misconduct that occurred in the two prior disciplinary cases and if the timing had been right, the OLR could have brought all three cases at the same time.

¶ 12. The referee found a significant mitigating factor to be that Attorney Smead's misconduct arose after he took over a heavy caseload from another attorney with whom he shared office space and whose license was suspended. The referee noted that out of a

filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

sense of compassion and professional obligation, Attorney Smead nearly doubled his own caseload by taking . on the other attorney's clients, the vast majority of whom had already paid retainers to the suspended attorney, and Attorney Smead basically handled these clients' cases for free.

¶ 13. The referee found Attorney Smead to be remorseful and found Attorney Smead's problems were situational in that he was unexpectedly overwhelmed by the amount of additional work he took on and there was no indication that he operated out of greed or dishonest motive. The referee noted that Attorney Smead has discontinued the practice of law, has gone to nursing school and obtained an R.N. degree, and is currently working at a hospital. Based on all of those factors, the referee concluded that a public reprimand was an appropriate level of discipline.

¶ 14. Attorney Smead agreed that he owed M.R. $1,500 restitution, plus interest. At the hearing before the referee, Attorney Smead tendered two money orders, one in the amount of $1,000 and one in the amount of $787.50, which would cover $1,500 in restitution as well as interest through August 2011. There was a discussion on the record that M.R. has disappeared and both Attorney Smead and counsel for the OLR made repeated attempts to locate M.R., all without success. When asked what should be done with the $1,787.50, OLR's counsel said she had done some investigation and believed the funds should be deposited with the Office of the State Treasurer as unclaimed property. She said this proposal was based upon guidance the OLR provides to Wisconsin attorneys on OLR's web site. The referee concluded that this proposed handling of the money orders was not suitable to the circumstances presented in this case and directed that

30

OLR's counsel take possession of the money orders and turn them over to the clerk of this court pending a determination by the court as to the appropriate handling of the funds. The referee also suggested that if M.R. had not come forward to collect the money within one year, the money should be returned to Attorney Smead. Finally, the referee recommended that no costs be imposed against Attorney Smead.

¶ 15. This court will affirm a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *In re Disciplinary Proceedings Against Tully,* 2005 WI 100, ¶ 25, 283 Wis. 2d 124, 699 N.W.2d 882. This court is free to impose whatever discipline it deems appropriate, regardless of the referee's recommendation. *In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 16. Because they have not been shown to be clearly erroneous, we adopt the referee's findings of fact. We also agree with the referee's conclusions of law and his recommendation regarding the appropriate level of discipline. We conclude that a public reprimand is sufficient to achieve the objectives of attorney discipline. We also agree that under the unique facts of this case, no costs should be imposed against Attorney Smead. We note that in its statement of costs, the OLR says it is appropriate to treat this case similar to cases involving stipulations filed under SCR 22.12, in which costs are generally not assessed against a respondent. The OLR points out that Attorney Smead was previously willing to enter into a pre-litigation stipulation to resolve the matter but a referee rejected that agreement because Attorney Smead was unable to pay resti-

tution at that time. The OLR also notes that Attorney Smead continued his willingness to resolve the matter by not contesting a public reprimand and paying restitution to M.R.

¶ 17. Supreme court rule 22.24(1m) provides that it is this court's general policy upon a finding of misconduct to impose all costs upon the respondent. In cases involving extraordinary circumstances, the court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent. We deem it an extraordinary circumstance that the misconduct at issue here occurred at approximately the same time as the misconduct at issue in the matters which resulted in Attorney Smead's 2010 suspension. As the referee pointed out, if the counts involving M.R. could have been brought concurrently with the counts alleged in the earlier proceedings, it is likely that additional costs would not have been incurred. In addition, we note that Attorney Smead attempted to bring this matter to a swift conclusion, first by agreeing to enter into an SCR 22.12 stipulation and then by filing an answer admitting all allegations in OLR's complaint. For these reasons, we decline to assess any costs against Attorney Smead.

■

¶ 18. While we agree with the referee that Attorney Smead should be required to make restitution to M.R. in the amount of $1,787.50, we deem it appropriate to establish a different procedure than that suggested by the referee. As noted above, in spite of due diligence, neither Attorney Smead nor counsel for the OLR has been able to ascertain M.R.'s current whereabouts. Under the circumstances, we deem it appropriate to transmit the $1,787.50 to the unclaimed property unit of the Office of the State Treasurer.

¶ 19. IT IS ORDERED that Robert J. Smead is publicly reprimanded for professional misconduct.

¶ 20. IT IS FURTHER ORDERED that within 30 days of the date of this order, the clerk of this court shall transmit to the unclaimed property unit of the Office of the State Treasurer the two money orders totaling $1,787.50, which represent restitution and interest owed to M.R. by Attorney Smead.