¶ 35.
SHIRLEY S. ABRAHAMSON, J.
(concurring). I join the per curiam. I write separately to discuss three issues.
¶ 36. The first issue relates to restitution. Justice Ann Walsh Bradley, in her dissent, would order Attorney Templin to pay as restitution to RD.R the amount of any fees he received in connection with his representation of P.D.P. The Office of Lawyer Regulation (OLR) did not ask for restitution in its complaint. Restitution is a form of discipline, see SCR 2l.l6(lm)(em),[1] and we have often said that this court *633 is free to impose whatever discipline it deems appropriate. See, e.g., In re Disciplinary Proceedings Against Smead, 2011 WI 102, ¶ 15, 338 Wis. 2d 23, 806 N.W.2d 631.
¶ 37. But where, as here, we have declared an attorney to be in default, the question arises whether we may impose a form of discipline that the OLR did not seek in its complaint? Or, in default cases, is our otherwise wide-ranging ability to impose appropriate discipline cabined to the discipline the OLR requested in its complaint? The answer to this issue is not clear in our rules or case law, and is therefore worthy of study.
¶ 38. The second issue is that the per curiam does not identify when Attorney Templin may apply for reinstatement. Supreme Court Rule 22.29(1) states: "A petition for reinstatement of a license suspended for a definite period may be filed at any time commencing three months prior to the expiration of the suspension period." In Attorney Templin's previous disciplinary matter, In re Disciplinary Proceedings Against Templin, 2016 WI 18, ¶ 42, 367 Wis. 2d 351, 877 N.W.2d 107, we ordered a six-month suspension of his license, commencing on May 3, 2016. This suspension would have expired on November 3, 2016. But by virtue of the consecutively imposed 60-day suspension ordered in this case, Attorney Templin's suspension period has been extended to January 2, 2017. I would make clear that, under SCR 22.29(1), Attorney Templin may not petition for reinstatement until three months before this extended date of January 2, 2017.
¶ 39. The third issue is one that I have raised numerous times. The OLR disciplinary system is about 15 years old. I repeat my numerous requests that the court review the lawyer disciplinary system *634 and the Rules of Professional Conduct for Attorneys. The instant case presents issues that should be considered in such reviews. See, e.g., Rule Petition 14-06 (Abrahamson, J., concurring); Rule Petition 15-01 (Abrahamson, J., dissenting); In re Disciplinary Proceedings Against Johns, 2014 WI 32, 353 Wis. 2d 746, 847 N.W.2d 179 (Abrahamson, C.J., dissenting); In re Disciplinary Proceedings Against Kratz, 2014 WI 31, 353 Wis. 2d 696, 851 N.W.2d 219 (Abrahamson, C.J., concurring; Prosser, J., concurring in part and dissenting in part).
¶ 40. For the foregoing reasons, I write separately.

 SCR 21.16(lm) provides: Any of the following may be imposed on an attorney as discipline for misconduct pursuant to the procedure set forth in SCR chapter 22:
[[Image here]]
(em) Restitution, as provided under sub. (2m).