IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Sandra K. COPLIEN, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Sandra K. COPLIEN,
Respondent.

Supreme Court

*No. 2009AP916–D.—Decided September 3, 2010.*

2010 WI 109

(Also reported in 788 N.W.2d 376.)

■■■■■■■■

■■■■■■■■■

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

·

■■■■■■■■■■■

¶ 1. PER CURIAM. The Office of Lawyer Regulation (OLR) has filed a complaint seeking discipline identical to that imposed in Illinois, where Attorney Sandra Coplien was suspended for six months for professional misconduct. Attorney John R. Decker was appointed referee. After a default hearing, Referee Decker concluded Attorney Coplien is subject to reciprocal discipline in Wisconsin. Referee Decker recommended Attorney Coplien be suspended for a period of six months and that she pay the costs of this proceeding.

¶ 2. Because no appeal has been filed, we review the referee's report pursuant to SCR 22.17(2).[1] Upon our independent review of the record, we approve and adopt the referee's findings and conclusions. We determine that by virtue of having been suspended in Illinois for violation of the Illinois Rules of Professional Conduct, Attorney Coplien is subject to reciprocal discipline pursuant to SCR 22.22.[2] Attorney Coplien's license to

---

[1] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

[2] SCR 22.22 states: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

practice law in Wisconsin is suspended for a period of six months and she is directed to pay the costs of this proceeding.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that

¶ 3. Attorney Sandra K. Coplien was admitted to practice law in Wisconsin on September 1, 1983. She was admitted to practice law in Illinois on November 1, 1982. Effective October 31, 2001, Attorney Coplien's Wisconsin law license was suspended for failure to pay dues. Her Wisconsin law license remains suspended.

¶ 4. On April 10, 2009, the OLR filed a complaint alleging that Attorney Coplien committed two counts of professional misconduct and asking this court to suspend Attorney Coplien's Wisconsin law license for six months as discipline reciprocal to that imposed upon Attorney Coplien in Illinois. Following the appointment of Referee Decker, the OLR filed a notice of motion and motion for default judgment. On December 10, 2009, the referee scheduled a December 18, 2009, hearing on the OLR's motion, noting that failure to appear could result in a default judgment.

¶ 5. On April 15, 2010, the referee filed his report and recommendation. The referee stated that Attorney Coplien had been served with the complaint and motion and failed to appear or contest the proceedings. The referee incorporated into his findings the allegations of the OLR complaint.

¶ 6. The misconduct upon which Attorney Coplien's Illinois suspension was based consisted of two counts of misconduct. In the first matter, Attorney Coplien's client's ex-spouse filed three separate petitions against Attorney Coplien's client regarding

the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

change of visitation and child support. Attorney Coplien failed to inform her client of these various filings, failed to respond to these petitions, and missed scheduled court dates. Attorney Coplien failed to respond to her client's numerous attempts to contact Attorney Coplien by telephone. *See In re Sandra Kay Coplien,* IL Supreme Court No. MR 22301, Commission No. 07CH45.

¶ 7. In addition, Attorney Coplien failed to cooperate with the Illinois Attorney Registration and Disciplinary Commission ("ARDC"). ARDC found Attorney Coplien to be uncooperative and nonresponsive.

¶ 8. Attorney Coplien's misconduct violated the Illinois Rules of Professional Conduct ("IRPC") by: (a) failing to act with reasonable diligence and promptness in representing a client in violation of Rule 1.3 of the IRPC; (b) failing to keep a client reasonably informed about the status of a matter in violation of Rule 1.4(a) of the IRPC; (c) failing to make reasonable efforts to expedite litigation consistent with the interests of the client in violation of Rule 3.2 of the IRPC; (d) failing to respond to a lawful demand for information from a disciplinary authority in violation of Rule 8.1(a)(2) of the IRPC; (e) conduct that is prejudicial to the administration of justice in violation of Rule 4(a)(4) of the IRPC (two counts); and (f) conduct which tends to defeat the administration of justice or to bring the courts or the legal profession into disrepute in violation of Supreme Court Rule 770 of the IRPC (two counts).

¶ 9. Referee Decker noted that Attorney Coplien failed to notify OLR of her Illinois suspension. OLR first learned of Attorney Coplien's Illinois discipline ruling in February 2009 through the American Bar Association's Center for Professional Responsibility. Accordingly, the referee found that Attorney Coplien failed to notify the OLR of the Illinois discipline within

20 days of its effective date.[3] Attorney Coplien also failed to inform the court of any reason why discipline identical to that imposed in Illinois should not be imposed in Wisconsin.

¶ 10. The referee concluded Attorney Coplien was in default and the allegations contained in the OLR's complaint were deemed admitted. The referee concluded Attorney Coplien had violated SCR 22.22(1) by failing to notify the OLR within 20 days of the effective date of her Illinois suspension. The referee concluded Attorney Coplien is subject to reciprocal discipline and recommended her license to practice law in Wisconsin be suspended and that she be ordered to pay the costs of this proceeding.

¶ 11. We approve and adopt the referee's findings and conclusions, which are unchallenged. By virtue of having been suspended by the Illinois Supreme Court for her violation of the Illinois Rules of Professional Conduct, Attorney Coplien is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.

¶ 12. We suspend Attorney Coplien's license to practice law in Wisconsin for a period of six months, and we direct Attorney Coplien to bear the costs of this proceeding, which were $1,407.68 as of May 5, 2010.

¶ 13. IT IS ORDERED that the license of Sandra K. Coplien to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶ 14. IT IS FURTHER ORDERED that within 90 days of the date of this order, Sandra K. Coplien pay to the Office of Lawyer Regulation the costs of the proceeding.

---

[3] On May 19, 2008, the Illinois Supreme Court ordered a six-month suspension. The OLR learned of Attorney Coplien's Illinois suspension more than eight months later.

¶ 15. IT IS FURTHER ORDERED that Sandra K. Coplien shall comply with SCR 22.26 regarding the duties of a person whose license to practice law in Wisconsin has been suspended.