In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
P. Nicholas HURTGEN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

P. Nicholas HURTGEN, Respondent.

Supreme Court

*No. 2009AP941–D.—September 18, 2015.*

2015 WI 92

(Also reported in 869 N.W.2d 490.)

¶ 1. PER CURIAM. We review a report filed by Referee John Nicholas Schweitzer, recommending that the court reinstate the license of P. Nicholas Hurtgen to practice law in Wisconsin. Upon careful review of the matter, we agree that Attorney Hurtgen's license should be reinstated. We further agree with the referee that Attorney Hurtgen should be required to pay the full costs of this proceeding, which are $1,512.41 as of July 7, 2015.[1]

¶ 2. Attorney Hurtgen was admitted to practice law in Wisconsin in 1992. He resides in Illinois. On September 9, 2009, this court accepted Attorney Hurtgen's petition for consensual license revocation and revoked his license to practice law in Wisconsin. *In re Disciplinary Proceedings Against Hurtgen,* 2009 WI 92, 321 Wis. 2d 280, 772 N.W.2d 923. Attorney Hurtgen's petition for consensual license revocation stated that he could not successfully defend against pending charges of professional misconduct relating to a conviction, entered following a guilty plea entered in the Federal District Court for the Northern District of

---

[1] Records show total costs of $1,712.41, with an advance deposit paid by Attorney Hurtgen of $200.00, bringing the total costs owed by Attorney Hurtgen to $1,512.41.

Illinois, to one count of aiding and abetting wire fraud in violation of 18 U.S.C. §§ 1343, 1346, and 2, in connection with a long-running federal investigation of corruption in the administration of former Illinois Governor Rod Blagojevich.

¶ 3. On September 8, 2010, the federal district court granted Attorney Hurtgen's motion to withdraw his guilty plea. The basis for this action was that the United States Supreme Court had ruled that the legal theory under which Attorney Hurtgen had been charged was flawed. On February 29, 2012, all remaining charges against Attorney Hurtgen were dismissed with prejudice. Attorney Hurtgen filed a petition for the reinstatement of his license to practice law on September 9, 2014. The referee was appointed on January 27, 2015. A public hearing was held on May 20, 2015. The referee issued his report on May 27, 2015.

¶ 4. Supreme Court Rule (SCR) 22.31(1) provides the standards to be met for reinstatement. Specifically, the petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition to these requirements, SCR 22.29(4)(a)-(4m) provides additional requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1). The referee concluded that Attorney Hurtgen satisfactorily met all of these requirements.

¶ 5. The referee noted that after a thorough investigation, the Office of Lawyer Regulation (OLR)

filed a response to Attorney Hurtgen's petition for reinstatement saying that it had found no evidence to controvert the assertions made in the petition and that, subject to the outcome of the public hearing, the OLR did not oppose the petition for reinstatement. At the end of the hearing before the referee, the OLR's position remained the same.

¶ 6. The referee noted that during the OLR's investigation into the reinstatement petition, it was discovered that Attorney Hurtgen had failed to file the affidavit required by SCR 22.26. Attorney Hurtgen explained that he did not believe an affidavit regarding notifying clients about his revocation was necessary since he had no active law practice or clients at the time of his revocation. However, he filed a sufficient affidavit on October 20, 2014.

¶ 7. The referee noted that letters supporting Attorney Hurtgen's petition were filed by numerous persons, including former Wisconsin Governor James E. Doyle, that each writer spoke very highly of Attorney Hurtgen, and that several mentioned their belief that Attorney Hurtgen never acted inappropriately. The referee noted that Attorney Hurtgen currently serves as a managing partner of a private investment company and as an operating director of a Chicago-based investment and merchant bank. At this time, he does not intend to use his law license, if reinstated, to practice as an attorney but instead will use the license in his own business affairs.

¶ 8. Based on all the information presented in the moving documents and at the public hearing, the referee concluded that Attorney Hurtgen demonstrated by clear, satisfactory, and convincing evidence that he has the moral character to practice law in Wisconsin; that his resumption of the practice of law

will not be detrimental to the administration of justice or subversive of the public interest; that he has complied fully with the terms of the order of revocation and the requirements of SCR 22.26; and that he can safely be recommended to the legal profession, the courts, the public, and this court as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and an officer of the courts. Accordingly, the referee recommends that Attorney Hurtgen's petition for reinstatement be granted. The referee further recommends that Attorney Hurtgen be required to pay the full costs of this proceeding.

■

¶ 9. When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747.

■

¶ 10. We conclude that the referee's findings support a determination that Attorney Hurtgen has met his burden to establish by clear, satisfactory, and convincing evidence that he has met all of the standards required for reinstatement of his license to practice law in Wisconsin. In his petition for reinstatement, Attorney Hurtgen explained:

> Mr. Hurtgen never considered himself guilty of anything unlawful, but he believed the risks of a jury trial exceeded the potential penalty that would have resulted from the plea bargain he was offered. In an abundance of caution, he petitioned the Court for the

580

consensual revocation of his license, but as it turned out, the conduct for which he had been indicted was not criminal. He has been fully exonerated of all charges, but remains without his license to practice law. . . . Mr. Hurtgen now asks the Court to restore him to his prior status, finally bringing closure to this legal case that has spanned over nine years.

¶ 11. We agree with the referee that Attorney Hurtgen's license to practice law in Wisconsin should be reinstated. We further agree that Attorney Hurtgen should pay the full costs of this proceeding.

¶ 12. IT IS ORDERED that the license of P. Nicholas Hurtgen to practice law in Wisconsin is reinstated, effective the date of this order.

¶ 13. IT IS FURTHER ORDERED that within 60 days of the date of this order, P. Nicholas Hurtgen shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $1,512.41.

¶ 14. IT IS FURTHER ORDERED that compliance with all of the terms of this order remain a condition of P. Nicholas Hurtgen's license to practice law in Wisconsin.

¶ 15. DAVID T. PROSSER, J., did not participate.