# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP149-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Walter W. Stern, III, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>  v.<br>Walter W. Stern, III,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST STERN

| | |
|---|---|
| OPINION FILED: | February 4, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP149-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Walter W. Stern, III, Attorney at Law:**

**Office of Lawyer Regulation,**

   **Complainant,**

 **v.**

**Walter W. Stern, III,**

   **Respondent.**

**FILED**

**FEB 4, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY reinstatement proceeding. *Attorney's license reinstated.*

¶1 PER CURIAM. We review, pursuant to Supreme Court Rule (SCR) 22.33(3),[1] a report filed by Referee Dennis J. Flynn, recommending that the court reinstate the license of Walter W. Stern, III to practice law in Wisconsin. Upon careful review of

---

[1] SCR 22.33(3) provides that "[i]f no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

the matter, we agree that Attorney Stern's license should be reinstated upon conditions to be discussed later. As to costs, we hold that, due to the unique nature of this case, Attorney Stern should be responsible for one-half of the Office of Lawyer Regulation's (OLR) $6,881.67 in costs, for a total of $3,440.84.

¶2 Attorney Stern was licensed to practice law in Wisconsin in 1974. He was privately reprimanded in 1988; publicly reprimanded in 1992; privately reprimanded in 1993; and privately reprimanded in 2008. In a May 2013 per curiam opinion, this court approved the findings and conclusions of a referee's report that adopted a stipulation between the OLR and Attorney Stern; in that stipulation, Attorney Stern pled no contest to misconduct that led to his federal conviction of conspiring to commit money laundering and a federal prison term of one year and one day. This court suspended Attorney Stern's license to practice law for two years, consistent with the parties' stipulation and the referee's recommendation. See In re Disciplinary Proceedings Against Stern, 2013 WI 46, 347 Wis. 2d 552, 830 N.W.2d 674.

¶3 In July 2013, the United States Court of Appeals for the Seventh Circuit reversed Attorney Stern's conviction on the ground that the trial court wrongly prevented him from testifying about his own conduct. United States v. Leonard-Allen, 739 F.3d 948, 954-55 (7th Cir. 2013), as amended on denial of rehearing and rehearing en banc (Aug. 29, 2013). Attorney Stern was released from prison after having served approximately six months of his sentence. He later pled guilty

to a federal misdemeanor offense of contempt of court that resulted in no further federal prison time.

¶4 In February 2015, Attorney Stern filed a petition seeking the reinstatement of his law license. In September 2015, the OLR filed a response not opposing the reinstatement petition, but reserving the right to further tailor its recommendation in accordance with the evidence received at a public hearing in late September 2015. After holding the public hearing, the referee filed his report and recommendation in October 2015.

¶5 SCR 22.31(1)[2] provides the standards to be met for reinstatement. Specifically, the petitioner must show by clear, satisfactory, and convincing evidence that he or she has the

---

[2] SCR 22.31(1) provides:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

3

moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(4m).[3] Thus, the

---

[3] SCR 22.29(4)(a) through (4m) provides that a petition for reinstatement must show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(continued)

petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶6 When reviewing referee reports in reinstatement proceedings, we utilize standards of review similar to those we use for reviewing referee reports in disciplinary proceedings. We do not overturn a referee's findings of fact unless they are clearly erroneous. On the other hand, we review a referee's legal conclusions, including whether the attorney has satisfied the criteria for reinstatement, on a de novo basis. In re Disciplinary Proceedings Against Jennings, 2011 WI 45, ¶39, 334 Wis. 2d 335, 801 N.W.2d 304; In re Disciplinary Proceedings Against Gral, 2010 WI 14, ¶22, 323 Wis. 2d 280, 779 N.W.2d 168.

¶7 The referee found that Attorney Stern demonstrated by clear, satisfactory, and convincing evidence all of the requirements for reinstatement of his Wisconsin law license. In

---

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

particular, the referee found that Attorney Stern has not practiced law during the period of his suspension; that he has complied fully with the terms of the order of suspension and will continue to do so until his license is reinstated; that he has maintained competence and learning in the law; that his conduct since the suspension has been exemplary and above reproach; that he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards; and that he can be safely recommended to the legal profession, the courts, and the public as a person fit[4] to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and an officer of the courts.

¶8 Concerning Attorney Stern's compliance with the requirements of SCR 22.26, the referee noted, as did the parties, that Attorney Stern was unable during his suspension to properly and promptly close his trust account. Cf. SCR 22.26(1)(d) (requiring that, within the first 15 days after the effective date of suspension, the attorney must make all arrangements for the temporary or permanent closing or winding

---

[4] Two exhibits (Exhibits 1 and 2) related to Attorney Stern's fitness as a lawyer were received during the public hearing in this matter. These exhibits consist of medical correspondence regarding Attorney Stern's treatment for certain mental health issues. Consistent with the joint recommendation of the parties, we instruct the clerk of this court to maintain these two exhibits under seal.

up of the attorney's practice). This was so because, since 2009, Attorney Stern has had a $585.25 surplus in his trust account which he has been unable to reconcile due to the loss of certain records. The referee wrote that he was "impressed by [Attorney] Stern's voluntarily holding the overage of $585.25 from his Trust Account for a period of 6-plus years when he did not have records regarding who was entitled to those funds," rather than "default[ing] those funds to himself." The referee also noted that Attorney Stern has agreed, at the OLR's recommendation, to transmit the $585.25 surplus to the unclaimed property unit of the Wisconsin Department of Revenue.

¶9 Upon review of the record, we agree that Attorney Stern has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Stern's license to practice law in Wisconsin. We further direct Attorney Stern to transmit the $585.25 surplus in his trust account to the unclaimed property unit of the Wisconsin Department of Revenue within 30 days of the date of this order.

¶10 The only dispute is as to costs. The referee recommended that Attorney Stern should not be responsible for any costs associated with this reinstatement proceeding. In his report, and in a subsequent letter to the court, the referee maintained that assessing costs against Attorney Stern would be inequitable, as Attorney Stern has already been penalized by

what the referee terms a "wrongful[]" conviction for money laundering; by the prison time he served before that conviction was reversed; by his reputational loss; and by his two-year law license suspension.

¶11 In its statement of costs, the OLR disagrees with the referee's recommendation that this court should impose no costs against Attorney Stern. The OLR states that while it "recognizes that the Referee found relevant Attorney Stern's full adherence to the two year suspension and the prison time he served," these circumstances were nevertheless not "the type of extraordinary circumstances that justify deviation from the Court's policy" of imposing all costs against a lawyer seeking to be reinstated.

¶12 In a subsequent letter to the court, Attorney Stern insists that he should pay no costs because "he has been the victim of a great injustice, and imposing costs against him would simply add to the magnitude of that great injustice."

¶13 Our general practice is to assess full costs against the respondent in a disciplinary proceeding, or against the petitioner in a reinstatement proceeding. See generally SCR 22.24(1), (1m); see also In re Disciplinary Proceedings Against Webster, 2002 WI 100, ¶¶51-52, 255 Wis. 2d 323, 647 N.W.2d 831. This is so for a common-sense reason: It is only fair that a disciplined lawyer should shoulder, to the extent the lawyer is able, the costs of an OLR proceeding that the lawyer's misconduct necessitated, rather than transferring those costs to the other members of the bar who have not engaged

in misconduct. See In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶94, 305 Wis. 2d 71, 740 N.W.2d 125. There is no doubt that Attorney Stern's misconduct, which he did not dispute in his 2013 disciplinary proceedings, necessitated these reinstatement proceedings. We see no reason to transfer all of the associated costs of these reinstatement proceedings to other attorneys who have not engaged in misconduct. See In re Disciplinary Proceedings Against Balistrieri, 2014 WI 104, ¶62, 358 Wis. 2d 262, 852 N.W.2d 1 ("The reinstatement proceeding is a result of the attorney's misconduct that required the imposition of a suspension or revocation in the first place. It is therefore generally proper to impose the costs of a formal reinstatement proceeding upon the attorney seeking reinstatement.").

¶14 This result is bolstered by the recent case of In re Disciplinary Proceedings Against Hurtgen, 2015 WI 92, 364 Wis. 2d 576, 869 N.W.2d 490. In Hurtgen, this court revoked Attorney Hurtgen's license on a petition for consensual license revocation following a federal conviction in 2009, entered on Attorney Hurtgen's guilty plea, for one count of aiding and abetting wire fraud. See In re Disciplinary Proceedings Against Hurtgen, 2009 WI 92, 321 Wis. 2d 280, 772 N.W.2d 923. In 2010, the federal district court granted Attorney Hurtgen's motion to withdraw his guilty plea on the ground that the United States Supreme Court had ruled that the legal theory under which Attorney Hurtgen had been charged was flawed. Hurtgen, 364 Wis. 2d 576, ¶3. In 2012, all remaining charges against

9

Attorney Hurtgen were dismissed with prejudice.  Id.  In 2014, Attorney Hurtgen filed a petition for the reinstatement of his license to practice law, which this court granted in September 2015.  Of significance here, this court ordered Attorney Hurtgen to pay the full costs of the reinstatement proceeding.  Id., ¶11.  Given that it was appropriate for this court to assess the full costs of a reinstatement proceeding against a lawyer who was fully exonerated of all charges that led to the revocation of his law license, it would seem incongruous to assess no costs against Attorney Stern, who was not fully exonerated; as stated above, he stands guilty, by his own plea, of criminal contempt of court.

¶15 On the other hand, the OLR does not make a particularly compelling case against the referee's recommendation to waive the costs of this proceeding.  While this court's general policy is to award full costs to the OLR, see SCR 22.24(1m), we have certainly made exceptions to this policy.  The OLR, in arguing that no such exception should be made here, seems to refer to an outdated standard:  whether "extraordinary circumstances" justify a deviation from the court's general policy to award the OLR full costs.  We removed the "extraordinary circumstances" language from our rule governing the assessment of costs (SCR 22.24) some time ago. See S. Ct. Order 05-01B, 2011 WI 59 (iss. Jul. 6, 2011; eff. Jan. 1, 2012).

¶16 On balance, we deem it appropriate to impose one-half of the costs on Attorney Stern, or $3,440.84.  Our determination

10

is not the result of the application of a precise mathematical formula, but is based on our thorough consideration of the record and the unusual posture of this case, including the unquestionable professional and economic effects of Attorney Stern's partial service of a federal prison sentence for a conviction that was later reversed on appeal.

¶17 IT IS ORDERED that the license of Walter W. Stern, III to practice law in Wisconsin is reinstated, effective the date of this order.

¶18 IT IS FURTHER ORDERED that within 60 days of the date of this order, Walter W. Stern, III shall pay to the Office of Lawyer Regulation costs in the amount of $3,440.84.

¶19 IT IS FURTHER ORDERED that compliance with all of the terms of this order remain a condition of Walter W. Stern, III's license to practice law in Wisconsin, including the requirement that Walter W. Stern, III shall transmit the $585.25 surplus in his trust account to the unclaimed property unit of the Wisconsin Department of Revenue within 30 days of the date of this order.