# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP51-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Thor Templin, Attorney at Law: |

> Office of Lawyer Regulation,
>     Complainant,
>         v.
> Thor Templin,
>     Respondent.

DISCIPLINARY PROCEEDINGS AGAINST TEMPLIN

| | |
|---|---|
| OPINION FILED: | OCTOBER 12, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | ABRAHAMSON, J. concurs (opinion filed) |
| DISSENTED: | BRADLEY, A.W., J. dissent (opinion filed) |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2016AP51-D

STATE OF WISCONSIN                    :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Thor Templin, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Thor Templin,**

      **Respondent**

**FILED**

**OCT 12, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1  PER CURIAM.  We review Referee Jonathan V. Goodman's recommendation that the court declare Attorney Thor Templin in default and suspend his Wisconsin law license for a period of 60 days for professional misconduct in connection with his work on three client matters and his non-cooperation with the Office of Lawyer Regulation's (OLR) investigation into that misconduct. The referee also recommended that Attorney Templin be required to pay the full costs of this proceeding, which total $1,041.40 as of June 20, 2016.

¶2 Because no appeal has been filed, we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2).[1] After conducting our independent review of the matter, we agree with the referee that, based on Attorney Templin's failure to answer the complaint filed by the OLR, the OLR is entitled to a default judgment. We also agree with the referee that Attorney Templin's professional misconduct warrants a 60-day suspension of his Wisconsin law license, consecutive to the six-month suspension Attorney Templin is currently serving. We also agree with the referee that Attorney Templin should be ordered to pay the full costs of the proceeding.

¶3 Attorney Templin was admitted to the practice of law in Wisconsin in May 2008. His disciplinary history consists of: (1) a consensual private reprimand for failing to act diligently and communicate appropriately in a client matter, Private Reprimand, 2011-04 (electronic copy available at https://compendium.wicourts.gov/app/raw/002344.html); and (2) a six-month suspension, commencing on May 3, 2016, for 12 counts of misconduct involving four clients, including filing frivolous motions, failing to respond to client requests for information,

---

[1] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

2

charging an unreasonable fee, and failing to provide competent representation, <u>In re Disciplinary Proceedings Against Templin</u>, 2016 WI 18, 367 Wis. 2d 351, 877 N.W.2d 107.

¶4  On January 7, 2016, the OLR filed the current complaint against Attorney Templin.  The complaint alleges six counts of professional misconduct in connection with his work on three client matters.

¶5  Counts 1-3 of the OLR's complaint arose out of Attorney Templin's representation of E.S.  In May 2009, E.S. hired Attorney Templin to help resolve certain property disputes related to the estate of E.S.'s mother.  E.S. claimed that her siblings had defrauded the estate to her disadvantage.  In 2009, Attorney Templin filed an action for special administration in Milwaukee County, but took no further action in that matter.

¶6  Although Attorney Templin exchanged correspondence with an attorney representing E.S.'s siblings, it was not until April 2011 that Attorney Templin filed suit against E.S.'s siblings alleging fraud.  Attorney Templin then failed to serve the summons and complaint on the defendants, and the court dismissed the lawsuit in July 2012.

¶7  In October 2013, Attorney Templin filed the same lawsuit against E.S.'s siblings alleging fraud.  But Attorney Templin again failed to serve the summons and complaint on the defendants, and the court dismissed the lawsuit in May 2014.

¶8  In April 2014, E.S. filed a grievance against Attorney Templin with the OLR.  In September 2014, the OLR sent Attorney Templin its notice of formal investigation requesting Attorney

3

Templin's response to the allegations raised by E.S.'s grievance.  Attorney Templin failed to respond.

¶9  In October 2014, the OLR sent Attorney Templin a second letter reminding him of his duty to cooperate with the OLR and requesting a response by a certain date.  Attorney Templin failed to respond.

¶10  The OLR then emailed to Attorney Templin electronic copies of the initial notice of formal investigation and the second investigative letter and advised Attorney Templin that a response was due.  Attorney Templin responded to the email and told the OLR that he had placed a response in the mail on that same day.  The OLR did not receive Attorney Templin's response.

¶11  Attorney Templin only responded to the OLR's grievance after this court ordered him to show cause why his license should not be suspended for failing to cooperate in an OLR investigation.

¶12  The OLR's complaint alleged the following counts of misconduct with respect to Attorney Templin's representation of E.S.:

- Count One:  By failing to achieve service on the defendants in two separately filed lawsuits, resulting in the dismissal of both lawsuits, Attorney Templin violated SCR 20:1.1.[2]

_____

[2] SCR 20:1.1 provides:  "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

- Count Two:  By failing to diligently pursue meaningful action on behalf of his client over a period of four years, Attorney Templin violated SCR 20:1.3.[3]

- Count Three:  By failing to timely provide relevant information to OLR in the E.S. matter, Attorney Templin violated SCR 22.03(2)[4] and SCR 22.03(6),[5] as enforced through SCR 20:8.4(h).[6]

¶13 Count 4 of the OLR's complaint arose out of Attorney Templin's representation of J.A.M.  Repeating all the

---

[3] SCR 20:1.3 provides:  "A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise.  The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response.  The director may allow additional time to respond.  Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[5] SCR 22.03(6) provides, "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[6] SCR 20:8.4(h) provides:  "It is professional misconduct for a lawyer to:  . . . fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(6), or SCR 22.04(1)."

allegations of the J.A.M. matter, which we deem admitted by virtue of Attorney Templin's default (see infra at ¶24), is unnecessary. It is sufficient to describe the pattern that Attorney Templin generally followed in his work on the J.A.M. matter.

¶14 The J.A.M. matter involved a dispute over real estate owned by J.A.M. Over a year into the representation, J.A.M.'s daughter, L.B., contacted Attorney Templin and asked for information about the case. Attorney Templin chose not to communicate with L.B. because he had not been specifically authorized by J.A.M. to do so.

¶15 In light of L.B.'s inability to communicate with Attorney Templin, J.A.M. signed a "Designation of Agent or Power of Attorney," which gave broad general powers to L.B. to act on her mother's behalf, and explicitly gave L.B. authorization to receive a copy of the entire case file and to speak with Attorney Templin. In July 2014, L.B. wrote Attorney Templin and enclosed a copy of the "Designation of Agent or Power of Attorney." L.B. asked that Attorney Templin provide her with a copy of the entire case file. Attorney Templin did not comply with L.B.'s request for the file, nor any of her subsequent requests for the file, including requests that L.B. made after Attorney Templin withdrew from representing J.A.M. Attorney Templin provided a copy of J.A.M.'s file to the OLR in March 2015, following the OLR's specific request for the file. The OLR in turn forwarded the file to L.B.

6

¶16 The OLR's complaint alleged the following count of misconduct with respect to Attorney Templin's work on J.A.M.'s matter:

- Count Four: By failing to comply with L.B.'s multiple requests following termination of representation to obtain a copy of J.A.M.'s file, Attorney Templin violated SCR 20:1.16(d).[7]

¶17 Counts 5 and 6 of the OLR's complaint arose out of Attorney Templin's representation of P.D.P. In November of 2011, P.D.P. was involved in an automobile accident and was cited for inattentiveness. P.D.P. admitted fault.

¶18 In January 2013, State Farm Insurance Company (State Farm) sued P.D.P. to recover property damages caused by P.D.P. to an insured's vehicle. State Farm served its Summons and Complaint by publication. When P.D.P. failed to answer the suit, State Farm filed a motion for default judgment. In July 2013, the circuit court granted judgment to State Farm in the amount of $9,013.88 plus costs and attorney's fees. P.D.P. received a letter from the Wisconsin Department of

---

[7] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

7

Transportation advising her that her driver's license was suspended because of the unpaid State Farm judgment.

¶19 P.D.P. hired Attorney Templin in May 2014 to try to reopen the default judgment entered against her in July 2013, or to otherwise resolve the matter with State Farm. Attorney Templin prepared a written fee agreement, but took no immediate action on the matter. After about one month, P.D.P. called Attorney Templin multiple times and left numerous messages to inquire about the case, but she was unable to speak with Attorney Templin. During a subsequent meeting between Attorney Templin and P.D.P. and her husband, Attorney Templin promised that he would contact State Farm and try to resolve the matter, yet he did nothing further on the case. Attorney Templin failed to return subsequent telephone calls from P.D.P. and was never available when P.D.P. traveled to Attorney Templin's office to meet with him. In December 2014, Attorney Templin filed a motion to reopen the default judgment entered against P.D.P. The circuit court denied the motion, noting that it was "not timely" and not "made within a reasonable time."

¶20 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Templin's representation of P.D.P.:

- Count Five: By failing to file a motion to reopen a default judgment on behalf of his client

8

in a timely fashion, Attorney Templin violated SCR 20:1.3.[8]

- Count Six: By failing to respond to his client's multiple requests for information regarding her case, Attorney Templin violated SCR 20:1.4(a)(4).[9]

¶21 The OLR personally served its complaint and an order to answer on Attorney Templin. Attorney Templin failed to file an answer to the OLR complaint. The OLR moved for default judgment, which the OLR served by mail on Attorney Templin.

¶22 The referee filed a report recommending that this court grant the OLR's motion for default judgment. In so doing, the referee deemed the allegations in the OLR's complaint to be established. The referee recommended a 60-day suspension of Attorney Templin's Wisconsin law license, which was the sanction the OLR sought in its complaint. The referee recommended that this 60-day suspension should run consecutive to the six-month suspension imposed in In re Disciplinary Proceedings Against Templin, 367 Wis. 2d 351. The referee also recommended the imposition of the full costs of this proceeding against Attorney Templin.

¶23 Attorney Templin did not appeal from the referee's report and recommendation. Thus, we proceed with our review of the matter pursuant to SCR 22.17(2). We review a referee's findings of fact subject to the clearly erroneous standard. See

---

[8] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[9] SCR: 20:1.4(a)4 provides: "a lawyer shall promptly comply with reasonable requests by the client for information."

In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶24 We agree with the referee that Attorney Templin should be declared in default. Although the OLR effected personal service of its complaint, and although the OLR served its motion for default judgment on Attorney Templin by mail, he failed to appear or present a defense. Accordingly, we deem it appropriate to declare him in default. In addition, the referee properly relied on the allegations of the complaint, which were deemed admitted. See In re Disciplinary Proceedings Against Coplien, 2010 WI 109, ¶¶10-11, 329 Wis. 2d 311, 788 N.W.2d 376. We therefore accept the referee's findings of fact based on the allegations of the complaint. We also agree with the referee that those findings of fact adequately support the legal conclusions of professional misconduct with respect to the six counts of misconduct alleged in the complaint.

¶25 We are satisfied that the record supports the imposition of a 60-day license suspension. We have imposed a 60-day suspension in previous, arguably similar cases. See, e.g., In re Disciplinary Proceedings Against Lister, 2010 WI 108, 329 Wis. 2d 289, 787 N.W.2d 820 (attorney who had been disciplined on two prior occasions received a 60-day suspension for lack of diligence, failing to keep a client informed,

10

failing to forward the client's file to successor counsel and refund advanced fee payments, and failing to cooperate with an investigation); In re Disciplinary Proceedings Against Anderson, 2010 WI 39, 324 Wis. 2d 627, 782 N.W.2d 100 (attorney who had been disciplined on three prior occasions received a 60-day suspension for lack of diligence, failing to keep a client informed, and failing to explain matters to a client); In re Disciplinary Proceedings Against Theobald, 2010 WI 102, 329 Wis. 2d 1, 786 N.W.2d 834 (attorney who had been disciplined on two prior occasions received a 60-day suspension for lack of diligence and failing to keep a client informed).

¶26 We further agree with the referee that the 60-day suspension should run consecutive to Attorney Templin's present six-month suspension, which began on May 3, 2016. In re Disciplinary Proceedings Against Templin, 367 Wis. 2d 351, ¶42. We are confident that, if the OLR had brought all of the misconduct counts in the instant case and in his previous disciplinary case in a single proceeding, the proper sanction for all of the misconduct would have exceeded the six-month suspension that we previously imposed. A consecutively imposed suspension is therefore in order. See In re Disciplinary Proceedings Against Voss, 2015 WI 104, ¶24, 365 Wis. 2d 442, 871 N.W.2d 859.

¶27 We additionally note that on June 1, 2016, Attorney Templin filed a letter with the court in which he asked that we

11

accept the voluntary resignation of his law license in lieu of issuing this decision.[10] He stated that he is not practicing law now, and that he "would likely not" return to the practice of law before June 2018. Thus, Attorney Templin argued, a suspension of his law license would be pointless, as he intends to refrain from practicing law for a period longer than any suspension period he currently faces.

¶28 By virtue of issuing this decision, we have obviously rejected Attorney Templin's claim that his offer to resign his law license for a duration of his choosing ought to render this disciplinary proceeding unnecessary. To be sure, our rules permit a lawyer who is the subject of an OLR investigation or the respondent in an OLR disciplinary proceeding to agree to surrender his or her law license instead of defending against misconduct charges. To do so, however, the lawyer must be willing to admit to having engaged in professional misconduct, and——important here——must be willing to wait five years before applying for reinstatement. See SCR 22.19; SCR 22.29(2). Attorney Templin is apparently not willing to agree to the voluntary revocation of his license given his statement that he might wish to return to the practice of law within two years. Because Attorney Templin's proffered resignation does not meet the requirements of SCR 22.19, we decline to accept it.

---

[10] We note that Attorney Templin attempted to voluntarily resign his law license during the pendency of In re Disciplinary Proceedings Against Templin, 367 Wis. 2d 351, ¶36. The court did not grant this request.

¶29 We turn now to the issue of costs, which total $1,041.40 as of June 20, 2016. In his June 1, 2016 letter to the court, Attorney Templin argued that he should not have to pay the costs associated with this disciplinary proceeding because the misconduct counts in this proceeding could have been included with those brought in In re Disciplinary Proceedings Against Templin, 367 Wis. 2d 351. Attorney Templin claimed that consolidating the counts in this manner would have eliminated any costs associated with the instant proceeding. Attorney Templin also claimed that he should bear no costs because he informed the OLR that he wanted to resign before the OLR filed the complaint in this matter.

¶30 We are not convinced by Attorney Templin's arguments. Our general practice is to assess full costs against a disciplined lawyer. See SCR 22.24(1m). This is so because it is only fair that a disciplined lawyer "should shoulder, to the extent the lawyer is able, the costs of an OLR proceeding that the lawyer's misconduct necessitated, rather than transferring those costs to the other members of the bar who have not engaged in misconduct." See In re Disciplinary Proceedings Against Stern, 2016 WI 6, ¶13, 366 Wis. 2d 431, 874 N.W.2d 93. There is no doubt that Attorney Templin's misconduct, which he has never disputed, necessitated these proceedings. We fail to see why Attorney Templin's proffered resignation, which did not meet the requirements of SCR 22.19, should operate to shift costs away from him and towards other members of the bar. We also fail to see why a consolidation of the instant counts with those brought

13

in Attorney Templin's previous disciplinary matter would have eliminated all costs associated with this proceeding, as Attorney Templin claims. While such consolidation may have led to certain efficiencies (though Attorney Templin fails to identify them),[11] the bulk of the costs were unavoidable; for example, both the pleadings and the referee's report in this case needed to be prepared, and these tasks required the expenditure of time and money regardless of whether the misconduct counts were consolidated in one proceeding or not. In short, Attorney Templin's conclusory objection to costs does not compel us to exercise our discretion to reduce them.

¶31 Finally, we note that the OLR did not seek restitution in this case. None is ordered.

¶32 IT IS ORDERED that the license of Thor Templin is suspended for a period of 60 days, to run consecutive to the discipline imposed in In re Disciplinary Proceedings Against Templin, 2016 WI 18, ¶42, 367 Wis. 2d 351, 877 N.W.2d 107.

¶33 IT IS FURTHER ORDERED that within 60 days of the date of this order, Thor Templin shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶34 IT IS FURTHER ORDERED that compliance with all conditions of this decision is required for reinstatement. See SCR 22.28(2).

---

[11] See SCR 22.24(2)(requiring a respondent who objects to a statement of costs to "explain, with specificity, the reasons for the objection and . . . state what he or she considers to be a reasonable amount of fees").

¶35 SHIRLEY S. ABRAHAMSON, J. *(concurring).* I join the per curiam. I write separately to discuss three issues.

¶36 The first issue relates to restitution. Justice Ann Walsh Bradley, in her dissent, would order Attorney Templin to pay as restitution to P.D.P. the amount of any fees he received in connection with his representation of P.D.P. The Office of Lawyer Regulation (OLR) did not ask for restitution in its complaint. Restitution is a form of discipline, see SCR 21.16(1m)(em),[1] and we have often said that this court is free to impose whatever discipline it deems appropriate. See, e.g., In re Disciplinary Proceedings Against Smead, 2011 WI 102, ¶15, 338 Wis. 2d 23, 806 N.W.2d 631.

¶37 But where, as here, we have declared an attorney to be in default, the question arises whether we may impose a form of discipline that the OLR did not seek in its complaint? Or, in default cases, is our otherwise wide-ranging ability to impose appropriate discipline cabined to the discipline the OLR requested in its complaint? The answer to this issue is not clear in our rules or case law, and is therefore worthy of study.

¶38 The second issue is that the per curiam does not identify when Attorney Templin may apply for reinstatement.

---

[1] SCR 21.16(1m) provides: Any of the following may be imposed on an attorney as discipline for misconduct pursuant to the procedure set forth in SCR chapter 22:

. . .

(em) Restitution, as provided under sub. (2m).

1

Supreme Court Rule 22.29(1) states: "A petition for reinstatement of a license suspended for a definite period may be filed at any time commencing three months prior to the expiration of the suspension period." In Attorney Templin's previous disciplinary matter, In re Disciplinary Proceedings Against Templin, 2016 WI 18, ¶42, 367 Wis. 2d 351, 877 N.W.2d 107, we ordered a six-month suspension of his license, commencing on May 3, 2016. This suspension would have expired on November 3, 2016. But by virtue of the consecutively imposed 60-day suspension ordered in this case, Attorney Templin's suspension period has been extended to January 2, 2017. I would make clear that, under SCR 22.29(1), Attorney Templin may not petition for reinstatement until three months before this extended date of January 2, 2017.

¶39 The third issue is one that I have raised numerous times. The OLR disciplinary system is about 15 years old. I repeat my numerous requests that the court review the lawyer disciplinary system and the Rules of Professional Conduct for Attorneys. The instant case presents issues that should be considered in such reviews. See, e.g., Rule Petition 14-06 (Abrahamson, J., concurring); and Rule Petition 15-01 (Abrahamson, J., dissenting); In re Disciplinary Proceedings Against Johns, 2014 WI 32, 353 Wis. 2d 746, 847 N.W.2d 179 (Abrahamson, C.J., dissenting); In re Disciplinary Proceedings Against Kratz, 2014 WI 31, 353 Wis. 2d 696, 851 N.W.2d 219 (Abrahamson, C.J., concurring; Prosser, J., concurring in part and dissenting in part).

2

¶40  For the foregoing reasons, I write separately.

¶41 ANN WALSH BRADLEY, J. *(dissenting).* I would order Attorney Templin to pay as restitution to P.D.P. the amount of any fees he received in connection with his representation of P.D.P.

¶42 For the foregoing reason, I dissent.